UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x

JANELL WINFIELD, TRACEY STEWART,
and SHAUNA NOEL,

                          Plaintiffs,

          - against -

CITY OF NEW YORK,

                    Defendant.

----------------------------------------------------------------------x

**ANSWER TO FIRST
AMENDED
COMPLAINT**


15 CV 5236 (LTS)(DCF)

       Defendant the CITY OF NEW YORK, by its attorney, ZACHARY W. CARTER, Corporation Counsel of the City of New York, for its answer to the first amended complaint, respectfully alleges as follows:

       1.  Denies so much of the allegations set forth in paragraph 1 of the first amended complaint ("complaint") that allege or purport to allege that Defendant has acted or is acting contrary to the law or in violation of Plaintiffs' rights.

       2.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the complaint, except denies the allegations insofar as they allege or purport to allege that Defendant has acted or is acting contrary to the law or in violation of Plaintiffs' rights.

       3.  Denies the allegations set forth in paragraph 3 of the complaint.

       4.  Denies so much of the allegations set forth in paragraph 4 of the complaint that allege or purport to allege that Defendant has acted or is acting contrary to the law or in violation of Plaintiffs' rights.

       5.  Denies the allegations set forth in paragraphs 5 and 6 of the complaint.

6. Denies the allegations set forth in paragraph 7 of the complaint, except admits that the City has a community preference policy.[1][2]

7. Denies the allegations set forth in paragraphs 8 through 10 of the complaint.

8. In response to the allegations in paragraph 11 of the complaint, Defendant admits that this Court has subject matter jurisdiction over Plaintiffs' federal claims and admits that this Court could choose to exercise supplemental jurisdiction over Plaintiffs' New York City Human Rights Law claims but is not required to do so.

9. Admits the allegations set forth in paragraph 12 of the complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the complaint, except admits that Plaintiff Winfield entered the lotteries for an affordable unit at 160 Madison Avenue, 200 East 39th Street and 40 Riverside Boulevard and was not selected to be interviewed.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the complaint, except admits that Plaintiff Stewart entered the lottery for an affordable unit at 160 Madison Avenue and was not selected to be interviewed.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the complaint, except admits that Plaintiff Noel

---

[1] The City's "community preference policy" shall be understood for the purposes of this answer as the City's policy to allocate a percentage of affordable housing units created with the use of City subsidy and/or certain zoning programs to residents of the community district within which the housing was created.

[2] Plaintiffs' definition of "outsider-restriction policy" in paragraph 7 of the complaint includes conclusory, disputed statements regarding the impact of the City's community preference policy, and consequently, when Plaintiffs use such defined term in subsequent paragraphs of the complaint, the City will deny the allegations.

entered the lotteries for an affordable unit at 200 East 39th Street and 40 Riverside Boulevard and was not selected to be interviewed.

13. Denies the allegations set forth in paragraph 16 of the complaint, except admits that the City of New York ("City") is a municipal corporation duly incorporated and existing pursuant to the law of the State of New York, and avers that the City's Department of Housing Preservation and Development ("HPD") has formulated, proposed, and continues to administer the City's community preference policy which is being challenged in this action.

14. Denies so much of the allegations set forth in paragraph 17 of the complaint that allege or purport to allege that Defendant has acted or is acting contrary to law or in violation of Plaintiffs' rights.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 18 through 24 of the complaint.

16. Denies so much of the allegations set forth in paragraphs 25 and 26 of the complaint that allege or purport to allege that the City has acted or is acting contrary to law or in violation of Plaintiffs' rights.

17. Denies the allegations set forth in paragraphs 27 and 28 of the complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 29 through 31 of the complaint.

19. Denies so much of the allegations set forth in paragraphs 32 and 33 of the complaint, as well as the heading prior to paragraph 32 of the complaint, that allege or purport to allege that the City has acted or is acting contrary to law or in violation of Plaintiffs' rights.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 34 through 46, except denies that the City has violated or is violating the Fair Housing Act or New York City Human Rights Law.

21. Admits the allegations set forth in paragraph 47 of the complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 48 through 76, except denies that the City has violated or is violating the Fair Housing Act or New York City Human Rights Law.

23. Denies the allegations set forth in paragraph 77 of the complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 78 of the complaint.

25. Denies the allegations set forth in paragraph 79 of the complaint.

26. Denies the allegations set forth in paragraph 80 of the complaint except admits that Plaintiffs purport to proceed as set forth therein, except admit that the City provides a variety of forms of subsidy for the creation and preservation of affordable housing.

27. Denies the allegations set forth in paragraph 81 of the complaint, except admits that the City first began to apply a community preference policy in the 1980s.

28. Denies the allegations set forth in paragraph 82 of the complaint insofar as they allege or purport to allege that the City has acted or is acting contrary to law or in violation of Plaintiffs' rights.

29. Denies the allegations set forth in paragraphs 83 and 84 of the complaint, except admits that in or around 2002 the City increased the percentage of units to be allocated pursuant to its community preference policy to 50%.

Case 1:15-cv-05236-LTS   Document 49   Filed 11/21/16   Page 5 of 9


30. Denies the allegations set forth in paragraph 85 and 86 of the complaint insofar as they allege or purport to allege that the City has acted or is acting contrary to law or in violation of Plaintiffs' rights.

31. Denies the allegations set forth in paragraphs 87 through 99 of the complaint.

32. Denies the allegations set forth in paragraph 100 of the complaint.

33. Denies the allegations set forth in paragraphs 101 through 127 of the complaint.

34. Neither admits nor denies the allegations set forth in paragraphs 128 through 130 of the complaint as they constitute legal conclusions for which no response is required, however, in the event that a response is required, Defendant denies the allegations.

35. Denies the allegations set forth in paragraphs 131 and 132 of the complaint.

36. Denies the allegations set forth in paragraph 133 of the complaint, except admits that the City's community preference policy is designed, in part, to "provide greater housing opportunities for long-time residents of New York City neighborhoods where HPD has made a significant investment in housing."

37. Denies the allegations set forth in paragraphs 134 through 146 of the complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 147 of the complaint.

39. Denies the allegations set forth in paragraph 148 of the complaint insofar as they allege or purport to allege that the City has acted or is acting contrary to law or in violation of Plaintiffs' rights.

40. Denies the allegations set forth in paragraph 149 of the complaint, and respectfully refers the Court to the Housing New York plan for its complete and accurate content and meaning.

41. Denies the allegations set forth in paragraph 150 of the complaint, and avers that OneNYC is a plan for creating a strong and just city.

42. Denies the allegations set forth in paragraph 151 of the complaint, and respectfully refers the Court to OneNYC for its complete and accurate content and meaning.

43. Denies the allegations set forth in paragraphs 152 through 165 of the complaint.

44. Denies the allegations set forth in paragraph 166 of the complaint, except admits that the City commented on HUD's affirmatively furthering fair housing rule.

45. Denies the allegations set forth in paragraph 167 of the complaint.

46. Denies the allegations set forth in paragraph 168 of the complaint, except admits that HPD withheld information in its FOIL response regarding registrants' address, household size, race or ethnicity, annual household income and reasons for moving to avoid an unwarranted invasion of a registrants' personal privacy.

47. Denies the allegations set forth in paragraphs 169 through 171 of the complaint.

48. Denies the allegations set forth in paragraph 172 of the complaint.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 173 of the complaint, except admits that households with income between 40 and 100 percent of AMI are eligible for some affordable housing units in the City.

50. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 174.

51. Denies the allegations set forth in paragraphs 175 through 182 of the complaint.

52. As for its response to paragraph 183 of the complaint, Defendant repeats and realleges its responses to paragraphs 1 through 182 as if fully set forth herein.

53. Denies the allegations set forth in paragraph 184 of the complaint.

54. As for its response to paragraph 185 of the complaint, Defendant repeats and realleges its responses to paragraphs 1 through 182 as if fully set forth herein.

55. Denies the allegations set forth in paragraph 186 of the complaint.

56. As for its response to paragraph 187 of the complaint, Defendant repeats and realleges its responses to paragraphs 1 through 182 as if fully set forth herein.

57. Denies the allegations set forth in paragraph 188 of the complaint.

58. As for its response to paragraph 189 of the complaint, Defendant repeats and realleges its responses to paragraphs 1 through 182 as if fully set forth herein.

59. Denies the allegations set forth in paragraph 190 of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

60. The City's adoption, maintenance and implementation of the community preference policy is not in violation of the 42 U.S.C. sections 3604(a) and 3604(b) or of New York City Administrative Code sections 8-107(17), 8-107(5)(a)(1) and 8-107(5)(a)(2).   The City's community preference policy has not caused Plaintiffs to suffer a disparate impact based upon race, has not perpetuated segregation, nor does it constitute intentional discrimination based upon race.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

61. The City has not violated the Plaintiffs' rights under the United States Constitution, the laws of the United States, the State of New York or the City of New York.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

62. Plaintiffs do not have standing to challenge the City's community preference policy as they have not suffered a concrete, particularized injury that is traceable to the City's community preference policy. The community preference applied to the developments in which Plaintiffs sought affordable housing was implemented pursuant to the requirements New York State Real Property and Tax Law § 421-a, and not pursuant to the City's community preference policy. Therefore, Plaintiffs were not aggrieved by the City's community preference policy and lack standing to challenge same. Consequently, the Court lacks subject matter jurisdiction.[3]

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

63. In the alternative, even if there is a disparate impact caused by the City's community preference policy, the City's community preference policy is necessary to achieve a substantial, legitimate, nondiscriminatory governmental interest. The City's community preference policy likewise bears a significant relationship to a significant governmental interest.

---

[3] The Court denied a motion to dismiss on the grounds that Plaintiffs lack standing. Defendant raises it herein to preserve its ability to raise again in a future motion or in an appeal.

**WHEREFORE**, Defendant demands judgment dismissing the first amended complaint, awarding it costs and disbursements in this action, including reasonable attorneys' fees, and granting such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            November 21, 2016

                                        ZACHARY W. CARTER
                                        Corporation Counsel of the City of New
                                        York
                                        Attorney for Defendant
                                        100 Church Street
                                        New York, NY  10007
                                        (212) 356-4371

                                        By:_____
                                            Melanie V. Sadok (MS 6741)