UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

JANELL WINFIELD, TRACEY STEWART,
and SHAUNA NOEL,

       Plaintiffs,

 -v-                                    No.  15 CV 5236-LTS-KHP

CITY OF NEW YORK,

       Defendant.

-------------------------------------------------------x

<u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is an objection, filed by Janell Winfield, Tracey Stewart, and Shauna Noel (collectively "Plaintiffs") pursuant to Federal Rule of Civil Procedure 72(a), to an opinion and order entered by Magistrate Judge Katharine H. Parker on July 5, 2017, <u>Winfield v. City of New York</u>, No. 15-cv-05236, 2017 WL 2880556, ruling (the "July 5th Order") that Plaintiffs were prohibited from either publicly releasing a report derived from confidential data provided by defendant City of New York ("Defendant") pursuant to a protective order or publicly filing that report on ECF in support of a discovery motion.  After careful consideration of Judge Parker's order and the submissions of both parties, the Court concludes that Judge Parker's order was neither clearly erroneous nor contrary to law.  Plaintiffs' objection is, therefore, overruled and Judge Parker's order stands.

<u>Background</u>

In the underlying case, Plaintiffs claim Defendant has discriminated against them in violation of the Fair Housing Act, 42 U.S.C. § 3604, and the New York City Human Rights Law, NYC Admin. Code § 8-107, through its community preference policy of allocating "50%

of units in affordable housing lotteries to individuals who already reside in the community district where the new affordable housing units are being built." July 5th Order, 2017 WL 2880556 at *1.  In February 2017, Plaintiffs sought discovery of the raw data from Defendant's Housing Connect data base, which contains extensive information about housing lottery applicants, including personal data.  See id. at *2.  (Protective Order, Docket Entry No. 82, app. A, page 8 ¶ 1; see generally Docket Entry No. 85.)  "This data is not available to the general public through the Freedom of Information Law ('FOIL') in order to both safeguard the confidentiality of highly sensitive private information and prevent the incorrect manipulation of complex, sensitive data."  July 5th Order, 2017 WL 2880556 at *2.

To facilitate this discovery, Judge Parker entered a protective order pursuant to Federal Rule of Civil Procedure 26(c) on February 13, 2017, restricting the public release of confidential information, including "proprietary . . . or otherwise sensitive non-public information" obtained through discovery.  (Protective Order ¶ 1.)  The protective order specifically prohibits the release of all data from the Housing Connect database and all analyses derived therefrom.  (Id., app. A, pages 8-9 ¶¶ 1, 4.)  The protective order contains a provision allowing Plaintiffs to challenge a confidentiality designation before the Court (Protective Order ¶ 3); Judge Parker ruled "that Plaintiffs would be permitted to seek leave to publicly file their data analyses later in the litigation, if necessary."  July 5th Order, 2017 WL 2880556 at *2 (citing Docket Entry No 85 at 19:23-20:22).  Judge Parker found that good cause existed to enter the protective order "because the public generally is not entitled to obtain affordable housing data for analyses and [the database] contains highly sensitive information."  Id. at * 3.

Plaintiffs commissioned a preliminary expert report (the "Report") that analyzed Housing Connect data produced by the City pursuant to the protective order and which

purportedly provides strong support to the merits of Plaintiffs' case. See July 5th Order, 2017 WL 2880556 at *2.

Asserting that the Report provides strong support for their claims, Plaintiffs moved before Judge Parker to expedite and refocus discovery. July 5th Order, 2017 WL 2880556 at *2. Plaintiffs argued that they should be allowed to file the Report on ECF publicly as a judicial document to be relied upon by Judge Parker in evaluating their discovery motion, and that the protective order should be lifted with respect to the Report because no good cause existed to prevent release of the Report under the protective order. Id. (Docket Entry No. 138, at 1.)

Judge Parker held that, as a threshold matter, there was no common law or First Amendment public right to access the Report because it was not a judicial document relied upon by the Court in the exercise of its Article III powers. July 5th Order, 2017 WL 2880556 at *3-4. Specifically, Judge Parker concluded that the Report was not relevant to Plaintiffs' discovery motion and, more broadly, that "documents filed with the court in connection with discovery-related disputes are [categorically] not judicial documents." Id. at *4.

Judge Parker next held that, even though the Report contained no personally identifiable information, good cause existed to continue to subject its dissemination to restriction under the protective order at this stage of the litigation because release prior to the completion of discovery and opportunities for motion practice concerning the admissibility of the Report would (1) disrupt the Court's ability to implement and manage an orderly and targeted discovery plan, (2) disclose information that, even in the aggregate, is not available the general public, and (3) place an adverse, and potentially incorrect, analysis into the public conversation, to which

Defendants are not yet prepared to offer a public analytical rebuttal, given that the exchange of expert reports is not contemplated at such an early phase of litigation. Id. at 4-5.

## DISCUSSION

A party may file an objection to an order issued by a magistrate judge with a district judge within 14 days of service of a copy of that order. Fed. R. Civ. P. 72(a). The district judge shall not disturb the order unless such "order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A) (LexisNexis 2017). A ruling is "clearly erroneous where on the entire evidence, the [district court] is left with the definite and firm conviction that a mistake has been committed." Equal Emp't Opportunity Commission v. Teamsters Local 804, No. 04 CV 2409(LTS), 2006 WL 44023, at *1 (S.D.N.Y. Jan. 9, 2006) (internal quotation marks and citations omitted). An order is considered to be "'contrary to law' when it 'fails to apply or misapplies relevant statutes, case law or rules of procedure.'" Collens v. City of New York, 222 F.R.D. 249, 251 (S.D.N.Y. 2004) (citation omitted). However, the fact that "reasonable minds may differ on the wisdom of granting [a party's] motion is not sufficient to overturn a magistrate judge's decision." Edmonds v. Seavey, No. 08 CV 5646(HB), 2009 WL 2150971, at * 2 (S.D.N.Y. July 20, 2009) (internal quotation marks and citation omitted). "[M]agistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." Thai Lao Lignite (Thailand) Co. v. Gov. Lao People's Democratic Republic, 924 F. Supp. 2d 508, 511 (S.D.N.Y. 2013) (internal quotation marks and citations omitted).

Plaintiffs argue that Judge Parker erred in holding that all documents filed in support of discovery motions are not judicial documents subject to a right of public access. A presumptive right to public access exists to judicial documents that are "relevant to the

performance of the judicial function and useful in the judicial process." United States v. Amodeo, 44 F.3d 141, 145-46 (2d Cir. 1995). Plaintiffs contend that a court must individually analyze each document's relevance to the exercise of its judicial power.

Judge Parker reasoned that documents used in support of discovery motions are not immediately relevant to the exercise of Article III judicial power because information produced through the resultant discovery may never be proffered in support of an adjudication of the merits of a case, either at trial or in support of a dispositive motion. July 5th Order, 2017 WL 2880556 at *4. Judge Parker's reliance on decisions from another court in this district and courts of appeal in other circuits in fashioning this broad rule to address an unsettled question of law, combined with the absence of any contravening binding authority, leads the Court to conclude that her decision was not contrary to law. See id. (citing United States v. Smith, 985 F. Supp. 2d 506; Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 165 (3d Cir. 1993); Kamakana v. City Cnty. of Honolulu, 447 F.3d 1172, 1179-80 (9th Cir. 2006)); see also Collens, 222 F.R.D. at 251.[1]

The Court next examines Plaintiffs' argument that Judge Parker erred in finding good cause when declining to lift the protective order to permit public release of the Report. A court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon a finding of good cause, which in complex cases need not be highly particularized. Fed. R. Civ. P. 26(c); In re Terrorist Attacks on September 11, 2001, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006). Judge Parker identified several specific harms

---

[1] Because the Court finds that Judge Parker's holding that documents proffered in support of discovery motions are not judicial documents is not contrary to law or in clear error, the Court declines to address her holding that the Report was not a judicial document because it was not relevant to Plaintiffs' discovery request.

that could constitute a burden or oppression towards Defendant, including being forced to rebut a complicated analytical report in the public sphere before it can prepare its own contemporaneous analysis, being subjected to a less controlled, targeted, and efficient discovery process, and the release of information that is not available, even in the aggregate, to the general public.  July 5th Order, 2017 WL 2880556 at *3, 5 (citing SEC v. TheStreet.com, 273 F.3d 222, 229 (2d Cir. 2001) for the proposition that protective orders encourage the fast and efficient disposition of civil cases by encouraging disclosure).  Plaintiffs have not pointed to any binding authority that indicates such burdens are not cognizable under Federal Rule of Civil Procedure 26(c) and, accordingly, the Court finds no legal error or misapplication of the law in Judge Parker's finding of good cause based upon those injuries.

## CONCLUSION

The Court concludes that Judge Parker's order was neither clearly erroneous nor contrary to law.  Plaintiff's objection is, therefore, overruled and Judge Parker's order stands.

SO ORDERED.

Dated: New York, New York
November 2, 2017

 /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge