UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JANELL WINFIELD, TRACEY STEWART,
and SHAUNA NOEL,

                Plaintiffs,

  -against-

CITY OF NEW YORK,

                Defendant.
------------------------------------------------------------------X

**OPINION AND ORDER**

**15-CV-05236 (LTS) (KHP)**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/18/2018

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

      Plaintiffs served thirteen contention interrogatories with subparts on Defendant and then moved to compel answers to certain of those interrogatories to which Defendant objected. This Court issued rulings with respect to some of the interrogatories at the last case management conference on May 7, 2018. The Court reserved judgment with regard to Interrogatories 1, 2 and 12 and requested a written submission from Defendant explaining its objections.[1]

## BACKGROUND

      The interrogatories at issue are as follows:

      **INTERROGATORY NO. 1:** Identify each CM, if any, that defendant believes would vote against one or more land use measure needed to facilitate the construction of a housing development that would become a Covered Development, or otherwise vote against the development of one or more housing developments that would become Covered Developments, if the Outsider-Restriction Policy as it currently exists were narrowed in applicability (that is, reduced from 50 percent of the Lottery Units to a smaller percentage, reduced in terms of the community districts where the policy is applicable, limited only to what

---

[1] Defendant failed to submit a written response to Plaintiffs' motion to compel before the May 7 conference but asked for an extension of time to file the same. Plaintiffs objected to the requested extension of time. Because a case management conference was already scheduled, the Court addressed most of the interrogatories at the May 7 conference without the need for a written response from the City and after hearing the parties' respective arguments at the conference.

1

defendant considers long-term residents of a community district, limited only to those who defendant considers at-risk of displacement) or eliminated; but who defendant believes would otherwise vote in favor of the aforementioned land-use measures or developments. In other words, this interrogatory is asking for the identification of each CM, if any, for whom defendant believes the narrowing or elimination of the outsider-restriction policy would be a "but for" cause of voting against one or more land-use measures or developments as described above.

**INTERROGATORY NO. 2:** For each CM identified in response to Interrogatory No. 1, specify each and all of the bases for defendant's belief, and, for each such basis, specify the date, substance, and context of each statement or communication (*e.g.*, in-person meeting with Commissioner Been, telephone call with Commissioner Torres-Springer, email to Mayor de Blasio, news report published by The New York Times, speech delivered at a committee hearing of the City Council, remarks made at a community board meeting, testimony given to a meeting of the City Planning Commission) made by the CM, if any, that contributed to the defendant's belief.

**INTERROGATORY NO. 12:** For the Covered Developments first advertised to the public in the period from 2003 to 2005 and that received RPTL § 421-a benefits, specify which of them applied the Outsider-Restriction Policy and which did not, and, in each case, explain the basis or bases for applying or for not applying the policy.

## **DISCUSSION**

Federal Rule of Civil Procedure 33 permits a party to serve no more than 25 written interrogatories, including discrete subparts. Fed. R. Civ. P. 33(a)(1). An interrogatory may relate to any matter that may be inquired into under Federal Rule of Civil Procedure 26(b)(1). In other words, interrogatories may seek nonprivileged information "relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." Fed. R. Civ. P. 33(a)(2). Grounds for objections to interrogatories must be stated with specificity. Fed. R. Civ. P.

2

33(b)(4).  If examining documents from which the answer to an interrogatory may be ascertained would be no more burdensome to one party than the other, the responding party may answer by specifying the records that contain the answer.  *See* Fed. R. Civ. P. 33(d).

The Local Rules for this District restrict the interrogatories that may be served at the commencement of discovery to those "seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature."  S.D.N.Y. Civ. R. 33.3(a).  The Local Rule specifies that, "[d]uring discovery, interrogatories other than those seeking information described in paragraph (a) above may only be served (1) if they are a more practical method of obtaining the information sought than a request for production or a deposition, or (2) if ordered by the Court."  S.D.N.Y. Civ. R. 33.3(b).  It permits "interrogatories seeking the claims and contentions of the opposing party" to be served at least 30 days prior to the discovery cut-off "unless the Court has ordered otherwise."  S.D.N.Y. Civ. R. 33.3(c).  The Local Rule reflects the prevailing view in this District that interrogatories are often burdensome and not as effective as other methods of obtaining information in discovery.  It explicitly authorizes judges to prohibit interrogatories as part of their general management of a case.  Thus, the Court has wide discretion in determining whether to require answers to interrogatories.  *Mobil Oil Co. v. Dep't of Energy*, 1982 WL 1135, at *4 (N.D.N.Y. Mar. 8, 1982) (court has wide discretion in determining whether to require answers to interrogatories).

I.  *Interrogatories No. 1 And 2*

Plaintiffs posed Interrogatories 1 and 2 to explore the City's defense that the Community Preference Policy is needed to overcome community opposition to affordable

3

housing projects.  They contend that these interrogatories seek the factual evidence supporting this defense by seeking the identification of those City Council Members ("CM") who the City believes would vote against affordable housing absent the Community Preference Policy. Interrogatory 2 seeks additional information about each Council Member identified that led the City to identify him/her.  In Plaintiffs' view, the City's defense is forward-looking and necessarily requires predictions about current and future CMs' votes on non-identified housing projects in non-identified community districts if there were no Community Preference Policy.  Plaintiffs also state they cannot "risk being blindsided by assertions that there *is* some factual basis to believe that CMs would just automatically vote against affordable housing development in the absence of the Community Preference Policy as it currently exists."

Defendant objects to these interrogatories because the questions "are stated as a hypothetical that ask for defendant's beliefs on how CMs will vote based on circumstances that do not exist and have not existed in the City for at least 30 years."  It also contends the interrogatories are vague insofar as they seek answers based on unspecified modifications to the current Community Preference Policy.  It states that Plaintiffs have deposed (or will depose) relevant City officials responsible for maintaining the Community Preference Policy and that questions were (or can be) posed as to the factual basis for their belief that the policy is needed to overcome community opposition to affordable housing.  It states that several officials have testified about interactions with CMs in the context of specific housing projects that contributed to their belief that the Community Preference Policy is a helpful tool in winning approval for building affordable housing.

4

There is no theodolite to survey with precision the boundaries of proper interrogatories. The Court and the parties may review boundaries that have been set in other similar cases, but since the recent amendments to the Federal Rules, also must consider proportionality given the factors set forth in Rule 26(b)(1) in determining whether to grant a motion to compel answers to interrogatories. Questions seeking legal conclusions are impermissible. Questions calling for an opinion based on hypothetical facts are improper. *See* 7 Moore's Federal Practice – Civil § 33.79 (2018). Inquiry into law of the case – how a defendant interprets a change in the law on its legal position also is improper. *Trueman v. New York State Canal Corp.*, 2010 WL 681341, at *3 (N.D.N.Y. Feb. 24, 2010).

Having carefully considered the parties' respective positions and evaluated Interrogatories 1 and 2, the Court denies Plaintiffs' motion to compel responses to these interrogatories. The questions call for speculation concerning a hypothetical "but for" scenario. Additionally, the interrogatories are not proportional to the needs of the case given the other discovery permitted. Plaintiffs have had the opportunity to learn about community opposition to specific housing projects through (1) discovery of community board meetings and hearings on projects and (2) emails and other documents reflecting CM views and positions on specific projects and the Community Preference Policy articulated to or perceived by the City. They also have been permitted to question those officials responsible for the policy about the basis for their belief. Some of these officials have identified CMs who vocalized opposition to projects and/or insisted on application of the Community Preference Policy to a project. While the Court appreciates Plaintiffs' concern about being blindsided, the Court does not agree that this will occur. The City may not rely on facts in support of its defense that have not been disclosed

5

in discovery.  Further, to the extent Plaintiffs wish to argue that the City does not know whether CMs will vote against affordable housing projects if the Community Preference Policy is eliminated, they may.  It is impossible to know the outcome of future votes with any certainty.

## II.     *Interrogatory No. 12*

Interrogatory 12 seeks a list of affordable housing projects where the developer received a tax benefit pursuant to RPTL § 421-a that were marketed between 2003 and 2005 and an indication of the projects on the list that were subject to the Community Preference Policy.

Plaintiffs contend that the answer to this interrogatory is critical because it relates to projects before the law was changed.  Defendant has asserted that a change to Section 421-a required application of the Community Preference Policy to so-called "421-a projects."  Section 421-a recently was renewed and the language concerning Community Preference removed.  Accordingly, the City has indicated that it is no longer applying the Community Preference Policy to new 421-a projects.  At the last conference before the Court, it became clear that Plaintiffs are seeking the City's opinion about how a change in the law impacts its defense.  This is improper.  *Trueman*, 2010 WL 681341, at *3.

Further, and in any event, the City has persuasively demonstrated that obtaining an answer to this interrogatory is unduly burdensome and not proportional to the needs of the case.  Specifically, the City has represented that there is no central location where it can ascertain the information sought, particularly from more than twelve years ago.  The process the City would need to follow to obtain an answer would include requesting data from long ago from the Department of Finance and researching/cross-referencing projects within the

Department of Housing Preservation and Development's records. The City represents that there is no way it can guarantee a complete and accurate answer and also that it is difficult to predict how long it would take even to gather the information to obtain a semi-complete answer. For these reasons, Plaintiffs' motion to compel an answer to Interrogatory 12 is denied.

## **CONCLUSION**

For all of the foregoing reasons, Plaintiffs' Motion to Compel is DENIED with respect to Interrogatories 1, 2, and 12.

**SO ORDERED.**

Dated: May 18, 2018
New York, New York

*Katharine H. Parker*
_____
KATHARINE H. PARKER
United States Magistrate Judge