UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JANELL WINFIELD, TRACEY STEWART,
and SHAUNA NOEL,

                     Plaintiffs,

   -against-

CITY OF NEW YORK,

                     Defendant.
-----------------------------------------------------------------X

**OPINION AND ORDER**

**15-CV-05236 (LTS) (KHP)**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/18/2018

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

The Court has been presented with more disputes concerning data. Plaintiffs seek (1) production of an obsolete database, the "Victor database," (2) removal of redactions of information on status sheets and developer logs made by the City prior to this Court's direction to the City to cease the redactions, and (3) additional fields from the Access database including the names of lottery applicants and housing unit numbers.

**DISCUSSION**

*I.   The "Victor" Database*

With respect to the Victor database, Plaintiffs contend that they are entitled to determine for themselves whether the data is duplicative by reviewing it and questioning a witness about it. (Doc. No. 390.) Their view is that, if the information is responsive, it must be produced. However, what Plaintiffs fail to appreciate is that they are not entitled to all information responsive to their broad requests for production. They are entitled only to "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount

1

in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1); *see also Federal Rule of Civil Procedure 34(b)(2) Primer: Practice Pointers for Responding to Discovery Requests*, 19 Sedona Conf. J. 447, 467 (forthcoming 2018) (advising parties to "avoid beginning requests [for production] with 'any and all documents and communications that refer or relate' to a particular subject" because this type of request is contrary to Rule 34's mandate that requests "must describe with reasonable particularity each item or category of items to be inspected" and Rule 26(b)(1)'s proportionality requirement). In managing a complex litigation such as this, the Court's concern is balancing (1) the need for both parties to have the time and opportunity to gather sufficient information to fairly present their claims and defenses on the merits and (2) the need to secure the speedy and inexpensive determination of the action. *See* Fed. R. Civ. P. 1.

The City has indicated that the data in this database would be largely duplicative of information from the Access database already produced and would be less reliable. (Doc. No. 400.) Plaintiffs offer no basis to question the City's representations. Yet, Plaintiffs have indicated that they wish to evaluate the data themselves and serve a notice of deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) to learn more about the data. Given the length of time production of data has already taken, as well as the length of time discovery about the data has taken,[1] this Court does not believe production of the Victor database is

---

[1] This discovery has included several informal meetings between Plaintiffs and City technology personnel, exchange of written questions and answers about the data, and several days of deposition of technology personnel.

warranted or proportional to the needs of the case in light of all of the factors set forth in Rule 26(b)(1). Production of this database is not likely to provide useful additional information to Plaintiffs and would necessitate, as Plaintiffs have indicated, at least one additional deposition. Given the looming cut-off for fact discovery, it is this Court's view that the parties should focus on the other, substantial fact discovery remaining as outlined in their recent letters to the Court.

## II. *Defendant's Redactions*

With respect to redactions, Plaintiffs contend that their ability to organize, use, cross-check, and analyze data, and engage in their own reconciliation process, has been restricted. (Doc. No. 390.) However, Plaintiffs' expert has been evaluating the data for some time, prepared a preliminary report, and assisted Plaintiffs' counsel in preparing detailed questions concerning the database in advance of data witness depositions. The City has explained its reconciliation process to Plaintiffs, and Plaintiffs have offered no basis to question the City's process. Furthermore, it is unclear why the particular information that Plaintiffs seek is necessary for conducting their disparate impact analysis. For example, Plaintiffs do not need the names of applicants from the Access database to assess whether an applicant was qualified for an apartment and successful in obtaining an apartment. Further, some of the redacted information on the status sheets and logs is redundant of information already produced and therefore not needed. Moreover, the City argues that requiring "un-redaction" would be time consuming. (Doc. No. 400.) Indeed, the City ceased making redactions at this Court's direction precisely because of the time it took. It would take just as long to "un-redact" the status sheets and logs. The only data Plaintiffs have persuasively argued is needed for their own cross-

3

checking and that is not unduly burdensome for the City to produce is the affordable unit/apartment number contained in the Access database.

Apart from this additional information needed to help clarify and refine Plaintiffs' analysis of the 121 lotteries that were fully leased-up as of July 31, 2017, and as set forth in detail in a prior order (Doc. No. 326), the City has produced sufficient data for a robust analysis of the lottery process and impact, if any, of the Community Preference Policy on qualified Black and Latino applicants. Accordingly, Plaintiffs' motion to provide unredacted information is granted as to production of the unit/apartment numbers from the Access database. Beyond that limited production, Plaintiffs' request for production of unredacted data is denied.

## **CONCLUSION**

For all of the foregoing reasons, Plaintiffs' motion to compel certain data production is GRANTED in part and DENIED in part.

**SO ORDERED.**

Dated: May 18, 2018
New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge