USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/30/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JANELL WINFIELD, TRACEY STEWART,
and SHAUNA NOEL,

                Plaintiffs,

   -against-

CITY OF NEW YORK,

                Defendant.
------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
15-CV-05236 (LTS) (KHP)

**TO: THE HONORABLE LAURA TAYLOR SWAIN, UNITED STATES DISTRICT JUDGE
FROM: KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

      Plaintiff Tracey Stewart ("Plaintiff"), together with the other plaintiffs in this case, commenced this action on July 7, 2015. Plaintiff was represented by the Anti-Discrimination Center, Inc. and Cuti Hecker Wang LLP. On May 7, 2018, Plaintiff's counsel filed a motion to withdraw as counsel for Plaintiff, along with a supporting memorandum of law and Declaration of Mariann Meier Wang. (Doc. Nos. 381-83.) The motion additionally sought Plaintiff's removal from this case – to which Defendant consents. (*Id.*) On May 9, 2018, this Court issued an Order granting Plaintiff's counsel's motion to withdraw. (Doc. No. 391.) For the reasons set forth below, I respectfully recommend that Plaintiff additionally be dismissed from this action for failure to prosecute.

**BACKGROUND**

      Plaintiff's counsel, in their moving papers, represented that Plaintiff has failed to participate in this action since in or about December 2017, despite counsel's repeated attempts to communicate with her. This Court, in its May 9, 2018 Order granting the motion to withdraw

as counsel, directed Plaintiff to submit a letter by May 25, 2018 stating her intention to either (1) proceed in this action on a *pro se* basis or with other counsel; or (2) withdraw as a plaintiff in this matter.  The Court noted in its Order that a failure to comply with its directives would result in Plaintiff's dismissal from this action for failure to prosecute.  The Court further directed Plaintiff's counsel to serve a copy of its Order on Plaintiff and to file proof of service with the Court.  Plaintiff's counsel filed proof of service (Doc. No. 396), and Plaintiff failed to file any letter by May 25, 2018.

## DISCUSSION

Under Federal Rule of Civil Procedure 41(b) ("Rule 41(b)"), a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order."  *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting Fed. R. Civ. P. 41(b)).  Although Rule 41(b) refers only to dismissal upon a *defendant's* motion, this Court notes that, because it has the authority to recommend dismissal *sua sponte*, *see LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (explaining that a district court has the authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute), it additionally has the authority to do so upon a motion by a plaintiff's former counsel.  Before dismissing a case pursuant to Rule 41(b), the Court considers five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal."  *Baptiste*, 768 F.3d at 216.  No single factor is generally dispositive.  *Id.*

Here, the dismissal of Plaintiff from this action is appropriate. Plaintiff has failed to prosecute her case since in or about December 2017 and failed to comply with this Court's Order requiring her to inform the Court as to whether she intended to proceed with her case. The Court's May 9, 2018 Order put Plaintiff on notice that a failure to comply with the same would result in her dismissal. Plaintiff's former counsel served copies of that Order, along with a letter from Plaintiff's former counsel, upon Plaintiff by email and by Priority Mail. Moreover, Plaintiff's former attorneys had previously warned Plaintiff that, if she continued in her failure to respond to their numerous communication attempts, "she would be removed from the case." (Doc. No. 382, ¶ 20.) Because the close of fact discovery in this action is fast approaching, any further delay in the proceedings would prejudice Defendant. Given that the two remaining plaintiffs in this action will continue to largely represent Plaintiff's interests, the dismissal of Plaintiff serves to balance the court's interest in managing its docket with Plaintiff's interest in receiving a fair chance to be heard.

## **CONCLUSION**

For the foregoing reasons, the undersigned respectfully recommends that Plaintiff Tracey Stewart be dismissed from this action, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute. Plaintiff's former counsel shall serve a copy of this Order on Plaintiff and file an affidavit of service with this Court demonstrating their compliance with this directive.

Dated: May 30, 2018
      New York, New York

                                       Respectfully submitted,

                                       _____
                                       KATHARINE H. PARKER
                                       United States Magistrate Judge

NOTICE

Plaintiff Tracey Stewart shall have seventeen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.  *See also* Fed. R. Civ. P. 6(a), (d) (adding three additional days only when service is made under Fed. R. Civ. P. 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to by the parties)).  If Plaintiff files written objections, Plaintiff's former counsel may respond to such objections within fourteen days after being served with a copy.  Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a), (d).  Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Laura Taylor Swain at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b).  Any requests for an extension of time for filing objections must be addressed to Judge Swain.  The failure to file these timely objections will result in a waiver of those objections for purposes of appeal.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn*, 474 U.S. 140 (1985).