UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JANELL WINFIELD, SHAUNA NOEL,
and EMMANUELLA SENAT,

                Plaintiffs,

  -against-

CITY OF NEW YORK,

                Defendant.
-----------------------------------------------------------------X

**OPINION AND ORDER**

**15-CV-05236 (LTS) (KHP)**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/12/2018

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

      This civil rights case involves a challenge to New York City's Community Preference Policy. Under the policy, 50% of certain affordable housing units are reserved for individuals living within the Community District where the housing project is located. Plaintiffs contend that the policy has a disparate impact on Blacks and Latinos and perpetuates segregation. They also contend that the City has intentionally discriminated against Blacks and Latinos by adopting and maintaining the policy. The policy has existed for many years and since 2002 in its current form. The Court assumes the parties' familiarity with the factual and procedural background of the case.

      Plaintiffs have conducted extensive discovery, including the depositions of at least 18 individuals. Importantly, Plaintiffs have taken the depositions of the current Commissioner and former Commissioners of the Department of Housing Preservation and Development ("HPD"). HPD is responsible for the implementation and administration of the Community Preference Policy. Plaintiffs now move to compel the deposition of Mayor Bill de Blasio so that they can question him about the policy. The City has cross-moved for a protective order pursuant to

Federal Rules of Civil Procedure 26(c) and 30(d)(3)(B).  For the reasons set forth below, Plaintiffs' motion (Doc. No. 483) is **DENIED** and Defendant's cross-motion (Doc. No. 494) is **GRANTED**.

## DISCUSSION

It is well-settled that high-ranking governmental officials should not be called for a deposition unless the party seeking the deposition can show that "exceptional circumstances" warrant it.  *Lederman v. N.Y. City Dep't of Parks & Rec.*, 731 F.3d 199, 203 (2d Cir. 2013), *cert. denied*, 571 U.S. 1237 (2014).  "Exceptional circumstances" might exist where the official has "unique first-hand knowledge" relevant to the claims in the case or where the information sought is unobtainable through other, less burdensome means.  *Id.*  The rationale for the rule is to protect the ability of the official to perform his or her governmental duties without the interference of civil litigation.  *See Bey v. City of New York,* No. 99-cv-3873 (LMM) (RLE), 2007 WL 1893723, at *1 (S.D.N.Y. June 28, 2007).  As the parties seeking the deposition, Plaintiffs bear the burden of showing that the deposition of the Mayor is appropriate under these criteria.  *See Todd v. Hatin*, No. 2:13-cv-05, 2014 WL 5421232 (D. Vt. Oct. 24, 2014); *Marisol A. v. Giuliani*, No. 95-cv-10533 (RJW), 1998 WL 132810 (S.D.N.Y. Mar. 23, 1998).

Having carefully reviewed the parties' briefs and accompanying documents, the Court finds that Plaintiffs have not shown exceptional circumstances warranting the Mayor's deposition in this case.  The Community Preference Policy was adopted long ago, well before Mayor de Blasio was in office.  It was modified in 2002, again by another administration, and has simply continued in effect since then.  The Commissioner of HPD who was responsible for modifying the policy in 2002 has been deposed, as have the Commissioners since then.

Plaintiffs also deposed Deputy Mayor Alicia Glen.  Plaintiffs have had a full opportunity to question various HPD Commissioners about the reasons for the policy, the means by which the policy operates, and whether alternatives or changes to the policy were discussed with various mayors over time, including Mayor de Blasio.  Further, the City has produced non-privileged emails and other documents pertinent to the policy, including emails and memos between the Commissioners and the Mayor's office, to supplement oral testimony.

In addition, Mayor de Blasio has submitted an affidavit stating that "[a]s Mayor, [he] ha[s] relied upon information on the community preference policy provided to [him] through briefings and other communications by [his] Deputy Mayors and Commissioners (and Directors) and other senior staff" and that he has "no reason to believe that [he] ha[s] any unique factual information about the community preference policy."  (Doc. No. 497, Declaration of Bill de Blasio ("de Blasio Decl.") ¶¶ 7, 8, 22); *see also Friedlander v. Roberts*, Nos. 98-cv-1684 (RMB) & 98-cv-8007 (RMB), 2000 WL 1471566 (S.D.N.Y. Sept. 28, 2000).  The Mayor also states that any changes to the policy he considered were only in the context of a settlement of this litigation and thus are privileged and not subject to discovery.  (de Blasio Decl. ¶¶ 11-13.)  Given Mayor de Blasio's lack of personal involvement in the adoption, modification, and administration of the policy, his deposition simply is not warranted.  This case does not present exceptional circumstances because (1) the Mayor does not have unique first-hand knowledge of the policy and (2) other discovery has provided the key information needed by Plaintiffs to prosecute their claims.

This case is not similar to the situation in *United States v. City of New York*, cited by Plaintiffs, in which Mayor Michael Bloomberg was required to appear for a deposition.  In that

3

case, then Mayor Bloomberg provided sworn testimony before the United States Senate concerning issues central to the case that reflected personal knowledge about and involvement in those issues. No. 07-cv-2067 (NGG) (RLM), 2009 WL 2423307, at *2-3 (S.D.N.Y. Aug. 5, 2009). The court found that a three-hour deposition was warranted. In this case, however, Mayor de Blasio has not offered sworn testimony suggesting personal involvement in the administration of the Community Preference Policy or special knowledge about the policy. To the contrary, his affidavit confirms that Plaintiffs have already deposed the officials most knowledgeable about the policy. To the extent Plaintiffs argue that this Court should order the deposition of the Mayor for the same reasons it ordered the deposition of the Deputy Mayor, their argument fails. Deputy Mayor Glen served as an interface at times between the Mayor and the HPD Commissioner and has knowledge of any communications with the Mayor on the policy that the HPD Commissioners do not have. Thus, this Court believed that a short deposition of the Deputy Mayor was warranted and could provide information that Plaintiffs seek without the need to also depose the Mayor.

Similarly, Plaintiffs' reliance upon *Pisani v. Westchester Cty. Health Care Corp*. is misplaced. *See* No. 05-cv-7113 (WCC), 2007 WL 107747 (S.D.N.Y. Jan. 16, 2007). Pisani challenged the termination of his employment. The deposition of the official who personally made the challenged employment decision was appropriately noticed because the reasons for the termination decision could not be learned from another source. *Id.* at *3-4. The court in *Pisani* also considered that the official had "not submitted an affidavit as to his involvement or non-involvement in the termination of Pisani's employment." *Id.* at *2. In this case, there is no evidence that Mayor de Blasio made any affirmative decision about the longstanding policy,

4

and the current and former HPD Commissioners were fully questioned about the policy and communications with the Mayor about it. Further, the Mayor's affidavit makes clear that the deposition will not result in discovery of any unique first-hand information relevant to the prosecution of this case.

Moreover, none of the proposed questions that Plaintiffs suggest they would ask the Mayor seek relevant information unobtainable from another source. The Deputy Mayor and HPD Commissioners could have provided answers as to why the City believes the policy is fair or why the policy does or does not require applicants from the Community District to provide the number of years they have lived in a neighborhood. Other information Plaintiffs seek from the Mayor, such as demographic information about Community Districts, can be obtained from another source. While Plaintiffs state they wish to cross-examine the Mayor concerning whether the policy has a disparate impact, the Mayor is not the best source of this information. Rather, experts who are evaluating data will present information on disparate impact. Additionally, many of Plaintiffs' proposed areas of questioning assume facts that the City disputes and will merely result in arguments rather than the provision of relevant information. Others seek answers to hypothetical questions or call for speculation. Finally, that the Mayor may have defended the policy in a general way in some public statements consistent with the City's position in this case does not mean he has unique knowledge or involvement in the administration of the policy. Indeed, his affidavit confirms that he does not.

## **CONCLUSION**

For all of the foregoing reasons, Plaintiffs' Motion to Compel the Deposition of Mayor Bill de Blasio is **DENIED** and Defendant's Cross-Motion for a Protective Order is **GRANTED**.

5

**SO ORDERED.**

Dated: September 12, 2018
      New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge