USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/13/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JANELL WINFIELD, SHAUNA NOEL,
and EMMANUELLA SENAT,

                        Plaintiffs,                                **OPINION AND ORDER**

    -against-                                           15-CV-05236 (LTS) (KHP)

CITY OF NEW YORK,

                        Defendant.
-----------------------------------------------------------------X

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

       On February 1, 2018, this Court issued an Opinion and Order (Doc. No. 259) denying Plaintiffs' objections to the City's demand to claw back two PowerPoint presentations that the City claimed were subject to the deliberative process privilege but were inadvertently produced. The presentations were prepared to aid City decisionmakers in early policy decisionmaking that will eventually be reflected in a submission to the U.S. Department of Housing and Urban Development ("HUD") pursuant to HUD's new Affirmatively Furthering Fair Housing ("AFFH") rule. The submission is due in 2019. The Court assumes the parties' familiarity with those PowerPoint presentations and does not re-describe them further here. Based on the Court's February 1, 2018 ruling, the parties agreed that a similar PowerPoint document commencing with Bates number 53095 and bearing the file name "AFH Deck for OMB 2016-10-21.pptx" (the "October PPT") would be treated as subject to the deliberative process privilege. The October PPT is dated about a month after the two PowerPoint presentations that the Court considered in its February 1, 2018 Order. It was shared with the City's Office of Management and Budget ("OMB").

1

On June 15, 2018, Plaintiffs moved to deem the October PPT not privileged and compel production of the October PPT based on recent deposition testimony from Matthew Murphy, Deputy Commissioner for Policy and Strategy at the City's Department of Housing Preservation and Development ("HPD"). (Doc. No. 454.) According to Plaintiffs, Mr. Murphy's testimony made clear that the October PPT was not created to assist in the conduct of policy deliberation, but rather to brief certain City agencies factually. The City opposes Plaintiffs' motion and states that the October PPT is privileged for the same reasons articulated in the Court's February 1, 2018 Order. This Court agrees.

Having reviewed portions of Mr. Murphy's deposition provided by the parties, the original declaration of David Quart, HPD's Deputy Commissioner for Strategy, Research and Communications, concerning the purpose of the PowerPoint presentations (as described more fully in the Court's February 1, 2018 Order), and the October PPT itself, it is clear that the October PPT contains some of the same preliminary analysis of the new HUD rule as in the earlier-dated PowerPoint presentations that this Court held were protected by the deliberative process privilege. Seventeen of the twenty-five pages in the October PPT are nearly identical to those in the earlier-dated presentations. The October PPT was prepared by HPD Strategic Planning, which was leading the effort to determine how to conduct the analyses required by the new HUD rule and identify the policies that would be studied and highlighted in the ultimate submission to HUD. Mr. Murphy testified that the deliberations regarding the HUD submission involved multiple agencies and required collaboration among agencies. (*See* Doc. No. 470-4, Excerpts from Deposition Transcript of Matthew Murphy ("Tr.") at 101:7-21, 102:18-103:3.) Indeed, the October PPT itself specifically mentions that additional inter-agency

2

coordination was part of HPD's "next steps." Part of the preliminary deliberations regarding the new HUD rule necessarily involved OMB, as financial constraints could bear on analyses that HPD elected to undertake or impact the timing of certain analyses needed for the ultimate submission to HUD.

Plaintiffs do not argue (nor could they) that the deliberative process privilege was waived by virtue of HPD's sharing the October PPT with OMB. *See In re Delphi Corp.*, 276 F.R.D. 81, 84 (S.D.N.Y. 2011) (citing *Tigue v. U.S. Dep't of Justice*, 312 F.3d 70, 77 (2d Cir. 2002)) (deliberative process privilege applies to both inter- and intra-agency deliberative communications.) Rather, Plaintiffs argue that the October PPT "is not a deliberative document." (Doc. No. 472, at 1.) However, for the reasons set forth above, this Court finds that the October PPT, like the earlier-dated presentations, is both deliberative and predecisional and, thus, protected by the deliberative process privilege. *See Marisol A. v. Giuliani*, No. 95-cv-10533 (RJW), 1998 WL 132810, at *6 (S.D.N.Y. Mar. 23, 1998). It is not surprising that the department in charge of the City's purse strings would need a full understanding of the new HUD rule, as well as HPD's preliminary thoughts about the scope of activities needed to prepare the submission and next steps, in order to approve budget increases. HPD's briefings to OMB to ensure adequate financial support for its deliberative process is integral to that process. Sharing preliminary deliberations and thoughts to OMB about the deliberative process is not a waiver of privilege and does not render those deliberations and thoughts "factual."

Thus, for the same reasons the Court denied Plaintiffs' objections to the City's clawback demand in its February 1, 2018 Order, the Court denies Plaintiffs' motion to deem the October

PPT not privileged and compel disclosure of the October PPT; provided, however, the City shall produce the factual information contained in certain appendices to the PPT to the extent it has not done so already. The Court likewise declines to expand its review of privileged documents beyond those already submitted *in camera*. Finally, to the extent Plaintiffs have requested that the Court compel "all briefing documents adverted to in the Murphy deposition that are responsive to plaintiffs' document requests," their request is denied.

## **CONCLUSION**

For all of the foregoing reasons, Plaintiffs' Motion to Compel Disclosure of the October PPT is **DENIED**.

The parties are further directed to submit a joint letter to the Court three days in advance of the next Case Management Conference setting forth a proposed agenda and summarizing open discovery issues for discussion.

**SO ORDERED.**

Dated: September 13, 2018
New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge

4