UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

SHAUNA NOEL and EMMANUELLA SENAT,

      Plaintiffs,

  -v-                                    No. 15 CV 5236-LTS-KHP

CITY OF NEW YORK,

      Defendant.

-------------------------------------------------------x

MEMORANDUM ORDER

      Before the Court is an objection (Docket Entry No. 185) (the "Objection"), filed by Shauna Noel and Emmanuella Senat (collectively "Plaintiffs") pursuant to Federal Rule of Civil Procedure 72(a), to an oral order entered by Magistrate Judge Katharine H. Parker from the bench on September 14, 2017 (Tr. of September 14, 2017 Proceedings, Docket Entry No. 183, 7:15-12:19 (the "Oral Order")) granting a motion by the City of New York ("Defendant" or the "City") to quash subpoenas to depose City Council Members Rafael L. Espinal, Jr. and Ritchie Torres and granting the City's motion for a protective order barring discovery of electronically stored information ("ESI") from six City Council members (Docket Entry No. 113). After considering the submissions of both parties carefully, the Court overrules Plaintiffs' objections.

DISCUSSION

      A party may file an objection to an order issued by a magistrate judge with a district judge within 14 days of service of a copy of that order. Fed. R. Civ. P. 72(a). Plaintiffs' objection was timely filed. The district judge shall not disturb the order unless such "order is

clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A) (LexisNexis 2017). A ruling is "clearly erroneous where on the entire evidence, the [district court] is left with the definite and firm conviction that a mistake has been committed." Equal Emp't Opportunity Commission v. Teamsters Local 804, No. 04 CV 2409(LTS), 2006 WL 44023, at *1 (S.D.N.Y. Jan. 9, 2006) (internal quotation marks and citations omitted). An order is considered to be "'contrary to law' when it 'fails to apply or misapplies relevant statutes, case law or rules of procedure.'" Collens v. City of New York, 222 F.R.D. 249, 251 (S.D.N.Y. 2004) (citation omitted). However, the fact that "reasonable minds may differ on the wisdom of granting [a party's] motion is not sufficient to overturn a magistrate judge's decision." Edmonds v. Seavey, No. 08 CV 5646(HB), 2009 WL 2150971, at * 2 (S.D.N.Y. July 20, 2009) (internal quotation marks and citation omitted). "[M]agistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." Thai Lao Lignite (Thailand) Co. v. Gov. of the Lao People's Democratic Republic, 924 F. Supp. 2d 508, 511 (S.D.N.Y. 2013) (internal quotation marks and citations omitted).

In the underlying case, Plaintiffs claim that Defendant has discriminated against them in violation of the Fair Housing Act, 42 U.S.C. § 3604, and the New York City Human Rights Law, NYC Admin. Code § 8-107, through its community preference policy ("CPP") of allocating "50% of units in affordable housing lotteries to individuals who already reside in the community district where the new affordable housing units are being built." Winfield v. City of New York, No. 15-CV-05236-LTS-KHP, 2017 WL 2880556, at *1 (S.D.N.Y. July 5, 2017), objections overruled, No. 15 CV 5236-LTS-KHP, 2017 WL 5054727 (S.D.N.Y. Nov. 2, 2017).

In her Oral Order, Judge Parker applied the rule, adopted by the Second Circuit in Lederman v. N.Y. City Dep't of Parks & Rec., 731 F.3d 199 (2d Cir. 2013), that, due to their time constraints and weighty responsibilities, high government officials should not be subject to a deposition absent exceptional circumstances. The party seeking to compel the deposition must demonstrate that the "official has unique first-hand knowledge related to the litigated claims or that the necessary information cannot be obtained through other, less burdensome or intrusive means." Id. at 203. Here, Judge Parker's determination that other relevant evidence was already available to Plaintiffs and that Plaintiffs had not demonstrated that exceptional circumstances warranted the two Council Members' deposition testimony was neither clearly erroneous nor contrary to law. The challenged policy is one established by the City, not one established by the City Council in its legislative capacity. To the extent Plaintiffs contend that the City was improperly influenced in its decision to adopt the policy by biased views of Council Members or their constituents (or its perceptions of those views), Plaintiffs proffered no basis for a finding that the two Council Members have unique first-hand knowledge of, or even that they informed, the relevant City officials' motivations in establishing or perpetuating the challenged policy. The City has, furthermore, disclaimed any intent to rely on the testimony of individual Council Members in seeking to demonstrate that the policy is lawful, mitigating the fairness concerns in denying Plaintiffs the opportunity to depose the Council Members or access their documents to contest such a proffer.

Nor was Judge Parker's refusal to permit the discovery of ESI of six Council Members clearly erroneous or contrary to law. Judge Parker found, among other things, that Plaintiffs had not adequately explained what ESI they were seeking or why it would be relevant. (Oral Order at 11:16-23.) She found that relevant communications between Council Members

and the City's executive branch would be duplicative of documents turned over by the City in response to previous ESI requests to the City, and applied Federal Rule of Civil Procedure 26(b) in concluding that the burden of additional production was not proportional to its likely benefit. (Id. at 11:16-12:19.) Those determinations were not clearly erroneous. Plaintiffs did not identify specific proposed requests as relevant to the City decision makers' knowledge and motives. As Judge Parker noted, Plaintiffs have already been afforded access to the records of City officials concerning their communications with Council Members, as well as public information and communications relevant to Council Member and public sentiment.

CONCLUSION

The Court concludes that Judge Parker's order was neither clearly erroneous nor contrary to law. Plaintiffs' objection is, therefore, overruled and Judge Parker's September 14, 2017, Oral Order stands.

This Memorandum Opinion and Order resolves Docket Entry No. 185.

SO ORDERED.

Dated: New York, New York
December 12, 2018

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge