USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/23/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SHAUNA NOEL, et al.,

                                      Plaintiffs,                  **OPINION AND ORDER**

             -against-                                          15-CV-05236 (LTS) (KHP)

CITY OF NEW YORK,

                                      Defendant.
-----------------------------------------------------------------X

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

       The City has moved for reconsideration of the Court's January 7, 2019 decision (Doc. No. 675) setting forth a process for determining Plaintiffs' challenge to the City's designation and withholding of documents on the grounds of privilege. The City argues that Plaintiffs have not demonstrated the need for *in camera* review of additional documents on its log and that the Court's order places an undue burden on the City that is disproportionate to the needs of the case. (Doc. No. 679.)

       The Court disagrees. This case raises a serious issue that impacts all New York City residents applying for affordable housing through the City's housing lottery. Plaintiffs argue that the Community Preference Policy is discriminatory against Black and Latino applicants and perpetuates segregation. The City vigorously contests these allegations. Documents that bear on the City's motivations for implementing and maintaining the policy are central. Because relevant documents implicate governmental decisionmaking, the City has designated more than 6,000 documents as privileged. Though not necessarily improper, this is a high number relative to the total number of documents (approximately 16,000 excluding logs of lottery applicants and advertisements) produced in this action. Moreover, on the first occasion the Court

1

reviewed *in camera* a sample of privileged documents, the City determined that three-quarters of the sample was not actually privileged. On the second occasion the Court reviewed *in camera* a sample of privileged documents, the Court found that more than 20% of the documents in the sample had to be produced. And, unlike in many complex cases, in which the privileges involved are attorney-client and work product, the privilege at issue here is the deliberative process privilege. In the case of deliberative process privilege, various factors must be balanced to determine whether the document should be produced notwithstanding the applicability of the privilege. *Noel v. City of New York*, No. 15-cv-5236 (LTS) (KHP), 2018 WL 6786238, at *5 (S.D.N.Y. Dec. 12, 2018). In other words, a more nuanced and complex assessment of the documents must be done than in a review of documents withheld on the basis of attorney-client and/or work product privilege. Furthermore, in the case of attorney-client and work product privilege, it is fairly easy to glean from a log whether a challenge is appropriate and to make arguments in support of the challenge. In the case of the deliberative process privilege, a log does not typically provide information needed to make a detailed argument about the relevance factor in particular. This necessitates greater involvement by the Court to ensure that information that is important to the case bearing on challenged governmental decisionmaking is not improperly withheld given the ultimate goal of getting to the truth. For all of the above reasons, this Court finds that Plaintiffs have demonstrated a sufficient need for the City to provide better descriptions on its log and/or a log for a sample set of documents and for court review of another sample of privileged documents.

    This Court also finds that the City's claim of burden is exaggerated. The City may not need to provide descriptions for an additional 750 documents. Rather, the Court's January 7

Order sets forth a protocol for identifying a pool of 1,000 documents from the more than 6,000 that the City must review anyway in light of this Court's other privilege rulings. Five hundred of the documents in the pool are documents already described on the City's privilege log. Plaintiffs are designating 250 of these as requiring a bit more description to better determine whether they will, in fact, challenge the privilege designation. In light of the somewhat general and vague subject matter descriptions used by the City on its privilege log, a request for slightly more information is not unreasonable given that the City has the burden in the first instance of justifying its assertion of privilege. If, on review of these 250 documents, the City determines that it is withdrawing its claim of privilege (as it has done for a number of documents in the face of prior challenges), it can produce the document and not provide a more detailed description. It is likely that at least a few of the documents among the 250 may fall into this category. Also, the additional description will not require a substantial amount of additional work given that the City needs to re-review these documents in any event in light of the Court's recent privilege rulings.[1] A City attorney can make notes about the document on the existing log simultaneous with re-reviewing the document. It also is likely that, based on the City's additional descriptions of documents, Plaintiffs may substantially reduce the number of documents on the log they seek to challenge.

The other 500 documents from the 1,000-document pool are documents that have been withheld as privileged but for which no log has been prepared at all. The City can generate this pool of documents now and provide control numbers for the documents to Plaintiffs now. A

---

[1] The City also could have avoided challenges to its log descriptions by providing more detailed descriptions in the first place, particularly for documents for which only deliberative process privilege has been asserted.

3

City attorney will be re-reviewing these documents anyway in light of this Court's recent privilege rulings and can simultaneously complete a log entry into an excel document in the format required by the Court. If, upon review, the City determines that some of the 500 documents are not privileged, it can simply produce them and not prepare a log entry. The privilege log Plaintiffs receive for these documents, therefore, is likely to contain fewer than 500 documents. Further, the log may result in Plaintiffs deciding not to challenge a number of the withheld documents.

This Court has stated that it will review *in camera* no more than 500 of the documents in the pool of 1,000. It has encouraged Plaintiffs to designate fewer than 500 for challenge. Plaintiffs previously cut in half the number of documents for which they sought *in camera* review, and the Court expects that they will be similarly selective when designating documents for *in camera* review this time. The percentage of documents produced from among the privileged documents may guide Plaintiffs in their decisionmaking in this regard. The Court anticipates there will be far fewer than 500 documents for it to review *in camera*.

Finally, the City correctly notes that this Court has managed discovery with an eye toward ensuring proportionality and compliance with Federal Rule of Civil Procedure 1. But the City's argument that it will be unduly burdened by having to provide a privilege log or supplemental privilege log descriptions for documents that are only marginally relevant falls flat. To the extent the documents are responsive to document requests that were already narrowed by the Court, they should fall somewhere on the relevance spectrum. The Court is not in a position to say whether a particular document is marginally or highly relevant without seeing the document. Further, the City and Plaintiffs routinely disagree on the weight and

importance of documents. And, the City bears the burden of demonstrating privilege in the first place.

That the fact discovery deadline has passed does not render this Court's order burdensome. In fact, this Court expressly informed the parties prior to the close of fact discovery that it would resolve privilege challenges during expert discovery. Thus, the City had notice that it would be dealing with privilege issues at this time.

To the extent the City has requested an extension of deadlines to conduct its re-review of privileged documents and prepare the supplemental privilege logs, its request is denied. The City has more than six weeks to meet the March 15 deadline. Assuming there are 6,500 documents to review, the City can review approximately 1,100 documents per week at a pace of 220 documents per weekday. This is not an insurmountable number given that the City has already laid eyes on these documents and placed most of them on a privilege log. Furthermore, the City can review duplicate and near-duplicate documents at the same time to increase efficiency of its review and decisionmaking. The City also can review documents falling in the same category simultaneously to expedite review. For example, there are multiple drafts or portions of drafts of Consolidated Plans submitted to the U.S. Department of Housing and Urban Development. Based on this Court's prior rulings as to documents falling in this category, the City may be able to quickly assess whether a document should be produced or remain on its privilege log.

In sum, the City's motion for reconsideration is DENIED; except that, in light of the parties' agreement that the expert discovery deadlines should be modified, the Court hereby modifies those deadlines as follows: the date for serving affirmative expert reports is extended

5

from February 1 to **February 15, 2019**; the date for serving rebuttal expert reports is extended from April 5 to **April 19, 2019**.

**SO ORDERED.**

Dated: January 23, 2019
       New York, New York

                                          KATHARINE H. PARKER
                                          United States Magistrate Judge