USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/21/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SHAUNA NOEL and EMMANUELLA SENAT,

                Plaintiffs,

   -against-

CITY OF NEW YORK,

                Defendant.
------------------------------------------------------------------X

**OPINION AND ORDER ON
MOTIONS FOR RECONSIDERATION
OF PRIVILEGE RULINGS**

**15-CV-05236 (LTS) (KHP)**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

      Plaintiffs moved to compel production of 350 documents on the City's privilege log. Most of the documents were withheld on the basis of deliberative process privilege, though some were withheld on the basis of work product. The Court issued a ruling as to each of these documents on August 15, 2019, and familiarity with that ruling is presumed. (ECF No. 799.) Because there were so many documents and so many near duplicates in the review, the Court invited the parties to review the spreadsheet at Appendix A summarizing the Court's rulings on each document and move for reconsideration to the extent they identified apparent mistakes or inconsistencies in the Court's designations or objected to any of the Court's rulings.[1]

      The parties thereafter raised questions about a small number of the Court's.[2] (ECF Nos. 814 and 817.) Upon review, the Court finds that there were some inadvertent mistakes/inconsistencies in the spreadsheet. The following documents that were marked protected, in fact should be produced:

---

[1] The Court does not repeat the legal standards applied as set forth in ECF Nos. 259 and 655 and 799 but has followed those standards and, except as modified herein, its reasoning as set forth in those prior rulings.
[2] Plaintiffs withdrew their request for reconsideration as to one document, and the City elected to produce three documents. This decision address only the remaining documents at issue.

1

- Log No. 161 (ECF No. 799, Attachment A p. 22) is corrected. This document is a deliberative document but the balance of the *Rodriguez* factors weighs in favor of disclosure insofar as the document reflects a meeting with a Council Member and therefore identifies Council Member priorities and concerns about an affordable housing project.[3]

- Log No. 300 (ECF No. 799, Attachment A p. 37) is corrected. This document is a deliberative document but the balance of the *Rodriguez* factors weighs in favor of disclosure insofar as the document reflects a meeting with a Council Member and therefore identifies Council Member priorities and concerns about an affordable housing project.

- Log No. 309 (ECF No. 799, Attachment A p. 37) is corrected. This document is a deliberative document but the balance of the *Rodriguez* factors weighs in favor of disclosure insofar as the document reflects a meeting with a Council Member and therefore identifies Council Member priorities and concerns about an affordable housing project.

Additionally, the Court hereby corrects Log No. 299 (ECF No. 799, Attachment A p. 37). This document was properly ordered to be produced; however, the Court intended to mark this document as deliberative to the extent it reflects pre-decisional policy-related communications. However, the balance of the *Rodriguez* factors weighs in favor of disclosure, just as they do for Log No. 322 (ECF 799, Attachment A p. 39), a similar document. Therefore, the outcome from this correction does not change the Court's determination that the document should be produced.

To the extent the City has requested that the Court reverse its decision as to Log Nos. 123, 243, 255, 320 (ECF No. 799, Attachment A pp. 16, 30, 32, 39), its request is denied. The balance of the *Rodriguez* factors weighs in favor of disclosure insofar as the documents reflect Council Member input into affordable housing. To the extent the City has requested that the

---

[3] The other documents referenced by the City (Log Nos. 155, 156, 159) were properly designated as privileged and are different in kind than Log Nos. 161 and 123, which both reflect Council Member input.

Court reverse its decisions on Log Nos. 299 and 322 (ECF No. 799, Attachment A pp. 37, 39), its request is denied. Nothing the City has argued causes this Court to change its assessment. To the extent the City asks that the Court reverse its decision as to Log No. 5 (ECF No. 799, Attachment A p. 1), its request is denied. The two additional paragraphs that the City urges are privileged do not reveal ongoing deliberations about a potential new policy and therefore they are not protected by the deliberative process privilege.

Plaintiffs seek reconsideration of documents at Log Nos. 197 and 278 (ECF 799, Attachment A pp. 26, 35). They argue that the Court incorrectly found that the deliberative process applied and incorrectly found that the balance of the *Rodriguez* factors weighs against disclosure. Log No. 197 is an internal strategy document that discusses potential data sources for measuring various aspects of neighborhood change such as rent burden, income distribution, number of units decontrolled, etc., for purposes of creating measures to assist internal planning as to how best to invest HPD resources to meet the needs of neighborhoods across the City. The City described the document as a "summary of HPD research on ways to measure neighborhood change" that delineates "potential ways in which HPD might improve its capacity to evaluate neighborhood change and the impact of its programs." In this Court's review of the document, it is inaccurate to describe the content of the document as a summary of factual research, as Plaintiffs suggest. It also is inaccurate to characterize the contents as routine self-evaluations of a policy. The content reflects high level internal brainstorming for purposes of informing future HPD investment decisions. For these reasons, the document is properly deemed deliberative. Plaintiffs argue that the *Rodriguez* factors weigh in favor of disclosure to the extent the document identifies weaknesses or limitations in defendant's

3

ability to measure neighborhood change.  Plaintiffs did not previously articulate their need for and relevance of documents that identify limitations on various data sources.  Additionally, the Court notes that the document does not discuss the community preference policy, housing lotteries, displacement or any of the data sources being used by the parties in this action in their expert reports.  Thus, it is unclear how any information in the document would be useful to Plaintiffs.  The perceived relevance to the claims and defenses in this action is marginal at best.  Thus, the weight of the relevance factor is low.  The weight of the second *Rodriguez* factor is low as well.  The data sources are well known and available to the Plaintiffs and their experts (e.g., American Community Survey, Housing Court data).  Plaintiffs are able to evaluate the limitations of such data sources with their experts.  The third and fourth *Rodriguez* factors weigh in favor of disclosure.  But, after analyzing these first four factors separately and then weighing them against the fifth factor – the potential chilling effect -- the scale tips against disclosure for this particular document.  Thus, Plaintiff's request for reconsideration and reversal of the Court's prior ruling is denied.

Log No. 278 is an internal strategy document discussing HPD's overall communications strategy about itself – that is, how to proactively strengthen HPD's "brand" and create a unique identity for itself.  It also discusses an overall strategy for how it will promote HPD projects, address public criticisms, and foster collaboration among various stakeholders on the affordability crisis.  Thus, contrary to what Plaintiff's suppose, the purpose of the document is not to describe existing policies and programs, though it does mention them.  But, as the City concedes, a portion of the document discusses ways in which HPD can address resistance to affordable housing and fear of displacement. The document is most certainly deliberative.

However, having further considered the parties' arguments, the Court has recalibrated the balance of the *Rodriguez* factors and found that the factors weigh in favor of producing the document in redacted form with everything redacted except for the text on page 3 beginning with "Through a variety of programmatic and policy initiatives. . . . " through the top of page 5 ending with the bullet that states "Promote more community voices of support." Thus, Plaintiff's request for reconsideration and reversal of the Court's prior ruling is granted in part and denied in part.

The City shall produce the documents ordered produced herein by no later than November 27, 2019. This resolves the motions at ECF Nos. 814 and 817.

**SO ORDERED.**

Dated: November 21, 2019
      New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge