USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/21/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

SHAUNA NOEL and EMMANUELLA SENAT,

                Plaintiffs,

   -against-

CITY OF NEW YORK,

                Defendant.

-------------------------------------------------------------------X

**OPINION AND ORDER ON MISCELANEOUS DISCOVERY MOTIONS AND SCHEDULING ORDER**

**15-CV-05236 (LTS) (KHP)**

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE**

On October 31, 2019, Plaintiffs filed two letter motions requesting: (1) that the Court compel the City to produce a survey (and survey reactions) referenced in a document bearing Bates No. 191679, (2) that the Court compel Plaintiffs to search for and produce all documents concerning the "messaging recommendations" set forth in the document bearing Bates No. 191679, (3) that the Court order the City to search for and produce all documents concerning a "CB preference memo" referred to in a document bearing Bates No. 206745, (4) that the Court order the City to search for and produce all documents concerning the Citizens Housing & Planning Council for the period March 1, 2019 to the present; and (5) that the Court order the City to produce a draft internal survey regarding the Community Preference Policy referenced in a document bearing Bates No. 206749.

With regard to item (1), the City has represented that it has conducted a diligent search but had no luck in locating the survey. The City is willing to reach out to a consultant who worked on the survey. Because it is not burdensome, the Court directs the City to request a copy of the survey from the consultant and produce the survey by November 27, 2019 to the extent the consultant has maintained a copy of it.

With regard to Item (2), the City has represented that the documents requested fall within the documents already collected and reviewed and, thus, the City has exhausted its search for such documents. The City notes that it has produced documents falling within Plaintiffs requests including power point presentations and talking points reflecting the messaging used by the City. The Court finds that the City has met its burden and that the burdens of conducting another search to find possible additional documents on the topic that weren't already produced is not proportional to the needs of the case. The City has collected documents from over 55 custodians and expended substantial resources in reviewing and producing them. Additionally, because of several rulings of this Court, the City has been compelled to re-review the collected documents and produce certain documents that it had withheld as privileged. Contrary to what Plaintiffs assert, they have been afforded extensive discovery and indeed represent that they have collected substantial proof in support of their claims. Therefore, the Court reject's Plaintiff's claims of prejudice in discovery.

With regard to Item (3), the City has searched for the document and concluded that it is essentially the same as a document already produced. Therefore, Plaintiffs' concern about this document is moot.

With respect to Item (4), the issue is moot. The only reason Plaintiffs were seeking this information was to explore bias of an outside organization that purportedly wrote a reports critical of Plaintiffs' experts' report. However, the City has stated that it has no intention and agrees not to reference or utilize the outside organization's report.

With regard to Item (5), the City has located the document but claims that it is protected by the work product doctrine. The City shall submit a copy of this document to the

Court for in camera review by no later than November 25, 2019 with an explanation for its work

product designation.  Plaintiffs shall submit a short letter by November 27, 2019 setting forth

why they believe the document is not protected.

**Finally, the parties shall attend a status conference at 4 p.m. on December 5, 2019 in**

**Courtroom 17D.**  The Court will address any applications about the expert reports at that

conference.  To the extent the parties wish to discuss other issues at the conference, they shall

submit a letter proposing agenda items by no later than December 4, 2019.

This resolves the motions at ECF Nos. 828 and 829.

**SO ORDERED.**

Dated: November 21, 2019
        New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge