UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
SHAUNA NOEL, ET AL.,

        Plaintiffs,

  -v-                                    No.  15 CV 5236-LTS-KHP

CITY OF NEW YORK,

        Defendant.
-------------------------------------------------------x

## MEMORANDUM ORDER

Before the Court is Plaintiffs' motion to file a redacted document ("the Document") in support of their motion for partial summary judgment. (Docket Entry No. 919.) As Defendant is the party that insists the Document must be redacted, it is Defendant's burden to justify those redactions. The Court has received and reviewed Defendant's letter in support of Plaintiffs' redaction request, (Docket Entry No. 924), as well as Plaintiffs' letter in reply. (Docket Entry No. 925.)

The public has a "general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978) (footnotes omitted). The weight given to the presumption of public access is determined by "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir.1995) ("Amodeo II"). Once determined, the weight of the presumption is balanced against competing interests, which "include but are not limited to 'the danger of impairing law enforcement or judicial efficiency' and 'the privacy interests of those resisting disclosure.'" Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006) (quoting Amodeo II, 71 F.3d at 1049).

In addition to the common law right of access, the public has a First Amendment right of access to judicial documents, a right that is "stronger" than the common law right. U.S. v. Erie Cnty., N.Y., 763 F.3d 235, 239 (2d Cir. 2014). Determining whether the First Amendment right of access attaches requires considering "(a) whether the documents 'have historically been open to the press and general public' (experience) and (b) whether 'public access plays a significant positive role in the functioning of the particular process in question' (logic)." Id. (quoting Lugosch, 435 F.3d at 120.) If the First Amendment right of access attaches, documents "may be sealed only if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Erie, 763 F.3d at 239 (internal modifications omitted).

"[D]ocuments submitted to a court for its consideration in a summary judgment motion are – as a matter of law – judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment." Lugosch, 435 F.3d at 121. Against this strong presumption of public access, Defendant argues that the Document contains information that comes within work-product privilege. (Docket Entry No. 924.) However, Defendant has not proffered evidence that the Document contains information protected by work product privilege. Furthermore, the Document is publicly available. (Docket Entry No. 925.) Work product privilege is waived where a litigant voluntarily discloses privileged material. See New York Times Co. v. United States Department of Justice, 939 F.3d 479, 494-95 (2d Cir. 2019) (collecting cases). Defendant has conceded that the Document's presence in the public domain renders confidentiality protections inapplicable unless disclosure was inadvertent. (Docket Entry No. 794, at n.2.) Defendant does not argue that disclosure of the Document was inadvertent.

Defendant argues further that Magistrate Judge Parker previously ordered the Document placed under seal, first temporarily by explicit order addressing the Document (Docket Entry No. 782), and then permanently by effect of an order resolving a challenge to Defendant's privilege log (Docket Entry No. 799). (Docket Entry No. 924.) However, Defendant does not represent that the Document was included in that privilege log. Accordingly, the Court does not interpret Magistrate Judge Parker's Aug. 15, 2019, order (Docket Entry No. 799) to apply to the Document.

For the reasons stated above, Defendant has not demonstrated that the strong presumption of public access which attaches to the Document is outweighed by any competing interests or that redaction is essential to preserve higher values and would be narrowly tailored to serve that interest. Accordingly, Plaintiffs' request to redact portions of the Document is denied, and Plaintiffs shall file the Document without redactions.

This order resolves Docket Entry No. 919.

SO ORDERED.

Dated: New York, New York
November 23, 2020

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge