UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

SHAUNA NOEL and EMMANUELLA SENAT,

              Plaintiffs,

       -against-                        15-CV-5236 (LTS) (KHP)

CITY OF NEW YORK,

              Defendant,

-----------------------------------------------------------------x

**STIPULATION AND ORDER OF SETTLEMENT AND DISMISSAL**

      **WHEREAS,** this action, commenced by summons and complaint dated July 7, 2015, and subsequently amended by the first and second amended complaints, filed September 1, 2015 and June 22, 2018, respectively, alleges that the City's policy to provide preference to 50% of affordable housing units subject to its Housing Lottery to residents of the community district within which the affordable housing is located ("Community Preference Policy") causes a disparate impact against African American and Hispanic New Yorkers, perpetuates segregation and constitutes intentional discrimination in violation of the Fair Housing Act, and New York City Human Rights Law; and

      **WHEREAS**, the parties engaged in extensive and intense fact and expert discovery and summary judgment motion practice over the course of several years; and

      **WHEREAS,** the parties have concluded that it is in their mutual interests to resolve this action without further litigation and without any admissions of liability;

**IT IS HEREBY STIPULATED AND AGREED BY THE PARTIES AND SO ORDERED BY THE COURT:**

**A. Effective Date**

1.      This Stipulation and Order of Settlement and Dismissal ("S&O") shall come into effect when it is So Ordered by the Court (the "Effective Date").

**B. Scope**

2.      This S&O is applicable to any and all housing developments financed or otherwise subsidized by Defendant or the New York City Housing Development Corporation ("HDC") which contain units that, for application-eligibility purposes, are both income-restricted and subject to the City's housing lottery, which is the mechanism by which the City and HDC allocate most affordable housing units in New York City, and to any other  housing developments where the allocation of income-restricted affordable housing units is overseen or implemented by the New York City Department of Housing Preservation and Development ("HPD") or HDC.

**C. Local Geographic Preference Restricted**

3.      The term "Local Geographic Preference" means any policy, however denominated and related to whatever geography within New York City (including but not limited to community district, council district, borough, neighborhood tabulation area, etc.), that provides a set-aside, preference, priority, or other advantage to any applicant for an affordable housing unit subject to the City's Housing Lottery based on, in whole or in part, the current or former residence of the applicant, a member of the applicant's household, or a forebear of the applicant, including but not limited to the Community Preference Policy.

4.      To the extent the City maintains a Local Geographic Preference for affordable housing units in developments first advertised on Housing Connect, the City's website and

database that implements the Housing Lottery (or any successor system) in the period from three months from the Effective Date through April 30, 2029, any Local Geographic Preference shall not exceed 20 percent of the affordable housing units being offered by any lottery.  To the extent the City maintains a Local Geographic Preference for affordable housing units in developments first advertised on Housing Connect (or any successor system) after April 30, 2029, any Local Geographic Preference shall not exceed 15 percent of the units being offered by any lottery. Nothing herein shall prevent the application of a 50% Local Geographic Preference as set forth in the so-ordered Stipulation and Order resolving *Broadway Triangle v. Bloomberg*, Index No. 11279/2009 (Sup. Ct. New York Co. Dec. 5, 2017).

5.      For affordable housing developments that have multiple phases, each phase of an affordable housing development will be treated independently for the purposes of this S&O, such that later phases of a development cannot get a higher Local Geographic Preference based upon when an earlier phase of the development was advertised on Housing Connect.

6.      Nothing in this S&O is intended to limit or to endorse preferences applied in the Housing Lottery other than the Local Geographic Preference, nor is anything intended to limit or endorse the general preference for current New York City residents over non- New York City residents (which although based upon geography shall not be considered a Local Geographic Preference).

## D. "Nesting" of Preferences and Homeless Referrals and Set-Asides

7.      In the event that an applicant for an affordable housing unit subject to the Housing Lottery is eligible for any current or future preferences or disability set-asides for affordable units leased through the Housing Lottery, and also eligible for a Local Geographic Preference, and that applicant leases a unit in the housing development, then that applicant shall count toward the Local

Geographic Preference percentage, as well as any other eligible preference or set-aside percentages. This is commonly referred to by HPD and HDC as "nesting."

8.     As of the Effective Date, the City typically does not take into consideration a homeless referral applicant's most recent prior residence or the most recent place of shelter when determining where to refer a homeless referral applicant. In the event that the City applies a Local Geographic Preference to allocate affordable housing units to homeless referral applicants based upon a homeless referral applicant's most recent prior residence or the most recent place of shelter, the homeless referral applicant that meets the Local Geographic Preference criteria and is provided an affordable housing unit shall count against the Local Geographic Preference percentage for the housing development.

**E. Circumstances Where Local Geographic Preference Shall Not Apply**

9.     A Local Geographic Preference shall only be used or applicable to the first occupancy of a unit; that is, Local Geographic Preference shall not be used for filling units that have already been occupied at any point.

10.     There shall be no Local Geographic Preference applied to developments where the sole obligation for affordable housing is the Real Property Tax Law § 421-a or successor statutes, unless otherwise required by New York State law. Nothing in this paragraph is intended to imply, and nothing in this paragraph shall be construed to imply, that plaintiffs are agreeing to any limitation on the applicability of – or that the Court is superseding, limiting, or modifying the applicability of – Section 3615 of the Fair Housing Act.

11.     There shall be no Local Geographic Preference applied to developments resulting from the purchase and land-purchase-and-leaseback program announced by New York State Governor Hochul in July 2023, unless otherwise required by New York State law. Nothing in this

paragraph is intended to imply, and nothing in this paragraph shall be construed to imply, that plaintiffs are agreeing to any limitation on the applicability of – or that the Court is superseding, limiting, or modifying the applicability of – Section 3615 of the Fair Housing Act.

**F. Anti-Segregation Principles**

12.     For a period of three years commencing on March 1, 2024, defendants shall prominently place on Housing Connect and other notifications of upcoming lotteries, on the Housing Connect registration, application, and "determine eligibility" pages (and such equivalent pages as may be created in the future), and on the HPD and HDC pages that link to Housing Connect and/or a successor system the following legend: "New York City is committed to the principle of inclusivity in all of its neighborhoods, including supporting New Yorkers to reside in neighborhoods of their choice, regardless of their neighborhood of origin and regardless of the neighborhood into which they want to move."

13.     Defendant City of New York and plaintiffs agree that, for decades, suburban counties in the New York metropolitan area, as well as many of the municipalities therein, have not produced sufficient housing to meet regional affordable housing needs, which in turn has exacerbated the City of New York's housing affordability crisis and reduced opportunities for residential mobility. This provision is not intended to impose and shall not be construed as imposing any legal obligations on defendant City of New York. This provision is not intended to constitute and shall not be construed as constituting an admission by defendant City of New York in any action or proceeding.

**G. Compliance, Enforcement, and Jurisdiction**

14.     Defendant shall not take any action – and shall not facilitate or encourage any person or entity (governmental or non-governmental) to take any action – inconsistent with this

S&O.

15.     Defendant shall not seek to have any Local Geographic Preference beyond that permitted by this S&O.

16.     Were any person or entity to seek from the City an increase to the Local Geographic Preference beyond what is limited in this S&O through any means, including but not limited to the pursuing of an action or proceeding against the City for that purpose, the City shall oppose any such request and take necessary steps to remain in compliance with this S&O.

17.     The Court shall retain jurisdiction over this action to enforce its terms as necessary, including the remedying of violations, through and including April 30, 2036 ("Retention-of-Jurisdiction Date"), unless the Retention-of-Jurisdiction Date is extended by the Court for good cause pursuant to its authority under this paragraph. From the Effective Date through and including the Retention-of-Jurisdiction Date, any party seeking to extend the Retention-of-Jurisdiction Date or enforce the terms of this S&O shall first inform the other party of their intent in writing, including an explanation of the grounds for enforcement or the good cause for an extension, followed by a meet and confer where the parties shall attempt in good faith to resolve the issue. If the issue or issues are not resolved, no later than thirty (30) days after the final meet and confer has occurred, the party seeking judicial intervention shall file a letter requesting a conference with the Court and permission to file a motion to extend the Retention-of Jurisdiction Date or enforce.

18.     Nothing in the preceding paragraph is intended to limit or bar any rights that exist under law or equity to bring an action or proceeding to interpret or enforce this S&O that is commenced subsequent to the Retention-of-Jurisdiction Date.

19.     If prior to the expiration of the Retention-Of-Jurisdiction Date any plaintiff succeeds in a motion to enforce any obligation of Defendant due to such Defendant's breach of

this S&O, then subject to the Comptroller's approval, and in accordance with the standards set forth in existing case law precedent as to prevailing party status and calculation of such fees and costs, Defendant shall reimburse such plaintiff for all costs and attorneys' fees reasonably incurred in connection with such motion. Plaintiff shall make a written demand for costs and attorneys' fees, including a detailed breakdown of the hours billed, within thirty (30) days of the Court's order granting their motion to enforce. If, after one hundred twenty (120) days thereafter, the Parties are unable to reach agreement regarding attorneys' fees and costs, Plaintiffs may file a motion for attorneys' fees and costs to be decided by this Court.  Defendant may oppose the amount of fees and costs sought in any such motion.

**H. Limitations on right to seek modification of S&O**

20.     Notwithstanding any right that exists or may come to exist in law or equity to seek modification of one or more terms of this S&O, defendant waives the right to seek modification of this S&O – other than a modification consented to by plaintiffs – based, in whole or in part, on: (A) changes to the demographics of income-eligible New York City residents in all or any part of New York City, of the lottery applicant pool, of any part of the lottery pool, or of the successful applicants in lotteries as a whole or in part; or (B) the existence or projected existence of actual or feared displacement or gentrification in New York City or in any part of New York City; or (C) the need or perceived need in respect to building support for (or reducing opposition to) any affordable-housing-promoting measures, including but not limited to, zoning changes and project approvals.

**I.  Dismissal**

21.     This action shall be dismissed with prejudice on the Effective Date. This S&O, and the requirements set forth herein, shall survive the dismissal of the action.

**J. Payments to plaintiffs**

22.    Defendant City of New York shall pay Plaintiffs Shauna Noel and Emmanuella Senat the sum of one hundred thousand dollars ($100,000) each, which payment shall satisfy all claims for damages that were raised or that could have been raised in this action. Payments shall be made payable to Shauna Noel and Emmanuella Senat, respectively, and shall be delivered to Cuti Hecker Wang LLP ("CHW") by regular mail at 305 Broadway, Suite 607, New York, New York 10007. Payments shall be made no later than ninety (90) days after the Effective Date or delivery to counsel for Defendant (by hand or certified mail, and by email) of the following executed documents, whichever is later: (i) a General Release in the form attached hereto as Exhibit "A"; (ii) an Affidavit of Status of Lien, in the form annexed hereto as Exhibit "B"; and (iii) an executed IRS Substitute Form W-9, in the form annexed hereto as  Exhibit "C."

**K. Attorneys' Fees and Costs**

23.    Defendant City of New York, in full satisfaction of the plaintiffs' claims for, expert fees, and the fees and other costs of their attorneys, shall pay to Anti-Discrimination Center, Inc. ("ADC") the sum of $5,150,000 and shall pay to CHW the sum of $1,100,000. Payments shall be made no later than ninety (90) days after the Effective Date or delivery to counsel for Defendant (by hand or certified mail, and by email) of the following executed documents and information, whichever is later: (i) information necessary for wire transfer; (ii) a General Release, in the form annexed hereto as Exhibit "D"; and (iii) an executed IRS Substitute Form W-9 in the form annexed hereto as Exhibit "C."

**L. Prior Protective Order**

24.    The Protective Order in this matter (ECF 82) is modified so that the actions required by paragraph 16 of the Protective Order and by paragraph 5 of the Addendum to the Protective

Order are not required until one year after the Effective Date.

**M. Releases**

25.     In consideration of the monetary payment to Plaintiffs, and in consideration of the policy changes set forth in this S&O, for and on behalf of themselves and their past, present, or future agents, heirs, executors, administrators, successors, designees and assigns, and all persons acting by, through, under or in concert with Plaintiffs, as well as all affiliates and any other persons or entities over whom Plaintiffs or their successors, designees, and assigns exercise direct or indirect control (collectively, the "**Plaintiff Releasing Parties**"), do hereby irrevocably and unconditionally release, acquit, waive and forever discharge Defendant and each of their past, present, and future officials, executives, officers, employees, departments, subdivisions, agencies, representatives, directors, agents, affiliates, related business entities, predecessors, successors, assigns, designees, divisions, directors, managers, trustees, members, representatives, insurers, reinsurers, and attorneys, in their individual and official capacities, (collectively, the "**Defendant Released Parties**"), from any and all charges, complaints, claims, liabilities, obligations, suits, demands, costs, losses, debts and expense, including, but not limited to, all claims for penalties, general damages, punitive damages, compensatory damages, special damages, equitable relief, attorneys' fees and costs, and experts' fees and costs, of any nature whatsoever known or unknown, suspected or unsuspected that Plaintiffs or Plaintiffs Releasing Parties had, now has, or in the future may have that were asserted or could have been asserted in the this action and that arise out of, relate to, or are based upon the allegations, transactions, facts, matters, or occurrences, representations or omissions involved, set forth, or referred to in the Complaint, Amended Complaint or Second Amended Complaint, excluding any claims to enforce Plaintiffs' rights under this S&O.

**N. Additional provisions**

26.     References in this S&O to the term "party," "parties," "Plaintiff," "Plaintiffs," "Defendant" are intended to encompass, bind, and benefit the party's, plaintiff's, or defendant's successors, designees and assigns.

27.     HDC shall be considered a designee of the Defendant for the purposes of this S&O to the extent that it implements or oversees the Housing Lottery in whole or in part. HDC's signature below is for the sole purpose of acknowledging its obligations as a designee as provided by paragraph 26 hereof.

28.     Nothing in this S&O is intended to constitute, and nothing in this S&O shall be construed as constituting an admission of liability or concession on the part of Defendant or each of their past, present, and future officials, executives, officers, employees, departments, subdivisions, agencies, representatives, directors, agents, affiliates, related business entities, predecessors, successors, assigns, designees, divisions, directors, managers, trustees, members, representatives, insurers, reinsurers, and attorneys, in their individual and official capacities, direct or indirect, express or implied, that they have violated Plaintiffs' or any individuals' or protected class's rights under 42 U.S.C. § 3601 *et. seq.* ("Fair Housing Act") or the New York City Human Rights Law, New York City Administrative Code § 8-101*, et. seq.*, ("New York City Human Rights Law"), the constitutions or any other statutes, ordinances, rules or regulations of the United States, the State of New York, or any other rules, regulations or bylaws of any department or subdivision of the City of New York.

29.     If any provision of this S&O is declared invalid or unenforceable by a court having competent jurisdiction, it is mutually agreed that this S&O shall endure except for the part declared invalid or unenforceable by order of such court, unless the elimination of the invalid provision

shall materially affect the intent of this S&O.  The parties to this S&O shall consult and use their best efforts to agree upon a valid and enforceable provision that shall be a reasonable substitute for such invalid or unenforceable provision in light of the intent of this S&O.

30.     This S&O contains all the terms and conditions agreed upon by the parties hereto, and no oral agreement entered into at any time prior to the execution of this S&O regarding the subject matter of the instant proceeding shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

31.     This S&O shall not be used for any purpose, nor shall it be admissible, in any judicial or administrative proceeding of any kind, except by a party to this action in a proceeding concerning enforcement of this S&O.

32.     The parties expressly represent and warrant that they have full legal capacity to enter into this S&O, that they have carefully read and fully understand this S&O, that they have had the opportunity to review this S&O with their attorneys and that they have executed this S&O voluntarily, without duress, coercion, or undue influence.

33.     This S&O shall be deemed to have been jointly drafted and no provision herein shall be interpreted or construed for or against any party because such party drafted or requested such provision, or this S&O as a whole.

34.     This S&O may be executed in one or more original, facsimile or PDF counterparts, each of which constitutes an original and all of which constitute one and the same agreement. For purposes of this S&O, signatures transmitted electronically shall constitute acceptable, binding signatures.

[CONTINUED ON PAGE 12 WITH SIGNATURES]

Accepted and agreed:

_Shauna Noel_

Shauna Noel, Plaintiff

_01/17/2024_

Date

_____

Emmanuella Senat, Plaintiff

_____

Date

_____

Craig Gurian
Anti-Discrimination Center, Inc.
157 East 86th Street, 4th Floor
New York, New York 10028
(212) 537-5824
craiggurian@antibiaslaw.org
*Co-counsel for Plaintiffs*

_____

Date

_____

Mariann Wang
Cuti Hecker & Wang, LLC
305 Broadway, Suite 607
New York, NY 10007
(212) 620-2600
mwang@chwllp.com
*Co-Counsel for Plaintiffs*

_____

Date

HDC (as Designee Pursuant to ¶¶ 26 and 27)

_____

By: Eric Enderlin, President of HDC

_____

Date

Hon. Sylvia O. Hinds-Radix
Corporation Counsel of the
City of New York

_____

By: Melanie V. Sadok
Office of the Corporation Counsel
of the City of New York
100 Church Street, Room 5-171
New York, New York 10007
(212) 356-4371
msadok@law.nyc.gov
*Counsel for Defendant and HDC*

_____

Date

SO ORDERED:

_____

Hon. Laura Taylor Swain
Chief Judge
United States District Court for
the Southern District of New York

_____

Date

12

Accepted and agreed:

_____

Shauna Noel, Plaintiff

HDC (as Designee Pursuant to ¶¶ 26 and 27)

_____

Date

*Emmanuella Sut*

Emmanuella Senat, Plaintiff

_____

By: Eric Enderlin, President of HDC

_____

01 | 19 | 2024

Date

_____

Date

Hon. Sylvia O. Hinds-Radix
Corporation Counsel of the
City of New York

_____

Craig Gurian
Anti-Discrimination Center, Inc.
157 East 86th Street, 4th Floor
New York, New York 10028
(212) 537-5824
craiggurian@antibiaslaw.org
*Co-counsel for Plaintiffs*

_____

By: Melanie V. Sadok
Office of the Corporation Counsel
of the City of New York
100 Church Street, Room 5-171
New York, New York 10007
(212) 356-4371
msadok@law.nyc.gov
*Counsel for Defendant and HDC*

_____

Date

_____

Date

_____

Mariann Wang
Cuti Hecker & Wang, LLC
305 Broadway, Suite 607
New York, NY 10007
(212) 620-2600
mwang@chwllp.com
*Co-Counsel for Plaintiffs*

_____

Date

SO ORDERED:

_____

Hon. Laura Taylor Swain
Chief Judge
United States District Court for
the Southern District of New York

_____

Date

Accepted and agreed:

_____
Shauna Noel, Plaintiff

_____
Date

_____
Emmanuella Senat, Plaintiff

_____
Date

_____
Craig Gurian
Anti-Discrimination Center, Inc.
157 East 86th Street, 4th Floor
New York, New York 10028
(212) 537-5824
craiggurian@antibiaslaw.org
*Co-counsel for Plaintiffs*

1/19/24
_____
Date

_____
Mariann Wang
Cuti Hecker & Wang, LLC
305 Broadway, Suite 607
New York, NY 10007
(212) 620-2600
mwang@chwllp.com
*Co-Counsel for Plaintiffs*

_____
Date


HDC (as Designee Pursuant to ¶¶ 26 and 27)

_____
By: Eric Enderlin, President of HDC

_____
Date

Hon. Sylvia O. Hinds-Radix
Corporation Counsel of the
City of New York

_____
By: Melanie V. Sadok
Office of the Corporation Counsel
of the City of New York
100 Church Street, Room 5-171
New York, New York 10007
(212) 356-4371
msadok@law.nyc.gov
*Counsel for Defendant and HDC*

_____
Date


SO ORDERED:

_____
Hon. Laura Taylor Swain
Chief Judge
United States District Court for
the Southern District of New York

_____
Date

12

Accepted and agreed:

_____

Shauna Noel, Plaintiff

_____

Date

_____

Emmanuella Senat, Plaintiff

_____

Date

_____

Craig Gurian
Anti-Discrimination Center, Inc.
157 East 86th Street, 4th Floor
New York, New York 10028
(212) 537-5824
*Co-counsel for Plaintiffs*

_____

Date

*Mariann Wang*

Mariann Wang
Cuti Hecker & Wang, LLP
305 Broadway, Suite 607
New York, NY 10007
(212) 620-2600
*Co-Counsel for Plaintiffs*

*Jan. 19, 2024*

Date

HDC (as Designee Pursuant to ¶ 26)

_____

By: (Insert Name and Title)

_____

Date

Hon. Sylvia O. Hinds-Radix
Corporation Counsel of the City of New York

_____

By: Melanie V. Sadok
Office of the Corporation Counsel
of the City of New York
100 Church Street, Room 5-171
New York, New York 10007
(212) 356-4371
*Counsel for Defendant and HDC*

_____

Date

SO ORDERED:

_____

Hon. Laura Taylor Swain
Chief Judge
United States District Court for
the Southern District of New York

_____

Date

12

Accepted and agreed:

_____
Shauna Noel, Plaintiff

HDC (as Designee Pursuant to ¶¶ 26 and 27)

_____
Date

*ELL*

_____
By: Eric Enderlin, President of HDC

**01/19/2024**

_____
Emmanuella Senat, Plaintiff

_____
Date

_____
Date

Hon. Sylvia O. Hinds-Radix
Corporation Counsel of the
City of New York

_____
Craig Gurian
Anti-Discrimination Center, Inc.
157 East 86th Street, 4th Floor
New York, New York 10028
(212) 537-5824
craiggurian@antibiaslaw.org
*Co-counsel for Plaintiffs*

_____
By: Melanie V. Sadok
Office of the Corporation Counsel
of the City of New York
100 Church Street, Room 5-171
New York, New York 10007
(212) 356-4371
msadok@law.nyc.gov
*Counsel for Defendant and HDC*

_____
Date

_____
Date

_____
Mariann Wang
Cuti Hecker & Wang, LLC
305 Broadway, Suite 607
New York, NY 10007
(212) 620-2600
mwang@chwllp.com
*Co-Counsel for Plaintiffs*

SO ORDERED:

_____
Date

_____
Hon. Laura Taylor Swain
Chief Judge
United States District Court for
the Southern District of New York

_____
Date

12

Accepted and agreed:

_____
Shauna Noel, Plaintiff

_____
Date

_____
Emmanuella Senat, Plaintiff

_____
Date

_____
Craig Gurian
Anti-Discrimination Center, Inc.
157 East 86th Street, 4th Floor
New York, New York 10028
(212) 537-5824
craiggurian@antibiaslaw.org
*Co-counsel for Plaintiffs*

_____
Date

_____
Mariann Wang
Cuti Hecker & Wang, LLC
305 Broadway, Suite 607
New York, NY 10007
(212) 620-2600
mwang@chwllp.com
*Co-Counsel for Plaintiffs*

_____
Date

HDC (as Designee Pursuant to ¶¶ 26 and 27)

_____
By: Eric Enderlin, President of HDC

_____
Date

Hon. Sylvia O. Hinds-Radix
Corporation Counsel of the
City of New York

*Melanie V. Sadok*
_____
By: Melanie V. Sadok
Office of the Corporation Counsel
of the City of New York
100 Church Street, Room 5-171
New York, New York 10007
(212) 356-4371
msadok@law.nyc.gov
*Counsel for Defendant and HDC*

_____1-19-2024_____
Date

The Clerk of Court is respectfully directed to close this case.

SO ORDERED:

_/s/ **Laura Taylor Swain**_____
Hon. Laura Taylor Swain
Chief Judge
United States District Court for
the Southern District of New York

_____January 22, 2024_____
Date

12

Exhibit A

## **GENERAL RELEASE**

**KNOW THAT I, [PLAINTIFF'S NAME**, a Plaintiff in the action *Shauna Noel and Emmanuella Senat v. City of New York*, pending in the United States District Court for the Southern District of New York, Case No. 15-CV-5236 (the "Action"), for and on behalf of herself and her past, present, or future agents, heirs, executors, administrators, successors, designees and assigns, and all persons acting by, through, under or in concert with Plaintiff, as well as all affiliates and any other persons or entities over whom Plaintiff or her successors, designees, and assigns exercise direct or indirect control (collectively, the "**Plaintiff Releasing Parties**"), in consideration of the payment of ONE HUNDRED THOUSAND DOLLARS AND NO CENTS ($100,000.00) by the City of New York and the policy and practice changes by Defendant the City of New York, described in the Stipulation and Order dated January __, 2024, and the other terms and conditions thereof, do hereby irrevocably and unconditionally release, acquit, waive and forever discharge Defendant, and each of their past, present, and future officials, executives, officers, employees, departments, subdivisions, agencies, representatives, directors, agents, affiliates, related business entities, predecessors, successors, assigns, designees, divisions, directors, managers, trustees, members, representatives, insurers, reinsurers, and attorneys, in their individual and official capacities, (collectively, the "**Defendant Released Parties**"), from any and all charges, complaints, claims, liabilities, obligations, suits, demands, costs, losses, debts and expense, including, but not limited to, all claims for penalties, general damages, punitive damages, compensatory damages, special damages, equitable relief, attorneys' fees and costs, and experts' fees and costs, of any nature whatsoever known or unknown, suspected or unsuspected that Plaintiffs or Plaintiffs Releasing Parties had, now has, or in the future may have that were asserted or could have been asserted in the this action and that arise out of, relate to, or are based upon the allegations, transactions, facts, matters, or occurrences, representations or omissions involved, set forth, or referred to in the Complaint, Amended Complaint or Second Amended Complaint, excluding any claims to enforce Plaintiffs' rights under the Stipulation and Order. This Release may not be changed orally.

**THE UNDERSIGNED HAS READ THE FOREGOING RELEASE AND FULLY UNDERSTANDS IT.**

**IN WITNESS THEREOF,** I have executed this Release this _____ day of _____, 2024.

_____
[PLAINTIFF'S NAME]

STATE OF NEW YORK      )
                           :      SS.
COUNTY OF _____)

On this ____ day of _____, 2024, before me personally came **[PLAINTIFF'S NAME]**, to me known, and known to me to be the individual described herein, or proved to me based upon sufficient documentation, and who executed the foregoing RELEASE.

_____
Notary Public

Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

SHAUNA NOEL and EMMANUELLA SENAT,

           Plaintiffs,

        -against-

CITY OF NEW YORK,

           Defendant,

-----------------------------------------------------------------x

**AFFIDAVIT OF STATUS OF LIEN**

15-CV-5236 (LTS) (KHP)

STATE OF NEW YORK      )
                          : SS.:
COUNTY OF _____  )

      **[PLAINTIFF'S NAME]**, being duly sworn, says:

| SECTION I - Background Information (complete all items) |
| --- |

I am the plaintiff in the above-entitled action, and I reside at
_____ _____ .

My date of birth is _____/_____/_____.

☐     By checking this box I affirm that I am making this affidavit with full knowledge that the same will be relied upon by The City of New York, its agents, employees, and representatives in connection with settlement of this claim/action against them.

**(Check one of the boxes below)**

☐     My Social Security Number is _____ .

☐     I have never applied for nor was ever issued a Social Security Number.

**SECTION II – The City of New York Agencies or Departments (check one)**

☐      I am not indebted to any department or agency of The City of New York and there are no liens outstanding.

☐      I have unpaid liens, violations or other debts owed to a department and/or agency of The City of New York. I expressly consent to the payment of those sums, or to the sums agreed upon by counsel, directly from the settlement proceeds.

*List all liens, violations and/or other debts by providing the name of each City agency (e.g. Department of Finance; Department of Sanitation; Environmental Control Board) and the outstanding sums due below:*

_____

_____

_____

**SECTION III - Medicaid or Public Assistance (check one)**

☐      I have not received Medicaid or Public Assistance benefits.

☐      I have received Medicaid and/or Public Assistance benefits. The Human Resources Administration, Department of Social Services of The City of New York ("HRA") has issued a Final Notice of Lien which provides a total amount due of $_____ (*attach copy*). I understand that HRA will be paid that amount, or the amount agreed upon by counsel, directly from the settlement proceeds, and that the payment of an amount lesser than the final notice amount is a non-assertion of HRA's lien against the proceeds of this settlement and shall not be deemed a waiver of the full amount owed.

## SECTION IV - Medicare (check one)

**Check one:**

☐        I am not a Medicare beneficiary.

☐        I am a Medicare beneficiary.  My Medicare # (Health Identification Claim Number – HICN) is: _____.  The effective date of my Medicare coverage is _____. [Please provide a copy of your Medicare card]. I am aware of my obligation to reimburse my Medicare providers for any conditional payments made on my behalf that relate to the injury that is the subject of this lawsuit, as provided in the stipulation of settlement.

**Medicare beneficiaries, check all that apply:**

Since the date of the injuries alleged herein, I have been insured under traditional Medicare (known as Medicare Parts A and B).  Medicare has confirmed that it will accept the total amount of $_____.00 as full and final reimbursement of all Medicare payments made to date. [Attach copy of Medicare final demand letter].  I consent to the payment of that sum directly from the settlement proceeds.

Since the date of the injuries alleged herein, I have been insured under a Medicare Replacement Policy (known as a Part C Medicare Advantage Plan).  My Medicare Advantage provider, _____, Policy # _____, has confirmed that it will accept the total amount of $_____.00 as full and final reimbursement of all Medicare payments made to date [Attach copy of final demand letter and insurance card for each Medicare Advantage provider that has insured you since the date of injury claimed herein].  I consent to the payment of that sum directly from the settlement proceeds.

Since the date of the injuries alleged herein, I have been insured under a Medicare Part D prescription drug plan (PDP).  My Part D prescription drug provider, _____-_____, Policy # _____, has confirmed that it will accept the total amount of $_____.00 as full and final reimbursement of all Medicare prescription payments made to date. [Attach copy of final demand letter and insurance card for each Part D provider that has insured you since the date of injury claimed herein]. I expressly consent to the payment of that sum directly from the settlement proceeds.

## SECTION V - Child Support

☐        I am not in arrears in child support payments.

☐        I am in arrears in child support payments and expressly agree to the collection by the NYC Office of Child Support of all unpaid sums directly from the settlement proceeds.

## SECTION VI - New York City Public Hospitals (check one)

☐        I am not indebted nor am I subject to liens by any City public hospital.

☐  †  I am indebted to _____ [City hospital] in the total lien amount of $_____.  I expressly consent to the payment of that sum directly from the settlement proceeds.

**SECTION VII - Workers' Compensation/Disability Benefits (check one)**

☐  I have not received Workers' Compensation or Disability Benefits and there are no liens for the same in this matter.

☐  I am indebted to _____ [for Workers' Compensation or Disability Benefits] in the total lien amount of $_____.  I expressly consent to the payment of that sum directly from the settlement proceeds.

_____

[PLAINTIFF'S NAME]

Sworn to before me this
_____ day of January, 2024

_____

NOTARY PUBLIC

19

# Instructions for Completing Medicare Section

Please follow the instructions below for completing the Medicare section of the plaintiff's affidavit of liens. The Law Department will not process any settlement for payment unless the Medicare section is accurately completed.[1]

## Step 1: Determine Medicare eligibility

Medicare is not limited to those who are 65 or older. Medicare eligibility can also be obtained, regardless of age, by one receiving Social Security disability benefits continuously for 24 months (or by one with end-stage renal disorder or Lou Gehrig's disease). Therefore, it is important to make proper inquiries into a plaintiff's status. A plaintiff's Medicare status can be ascertained by contacting Medicare at 1-800-633-4227, or the Medicare Benefits Coordination & Recovery Contractor (BCRC) at 1-855-798-2627. If plaintiff is not a Medicare beneficiary, check the appropriate box on the affidavit. Otherwise, proceed to Step 2.

## Step 2: Determine if eligible for waiver

As provided in the settlement agreement, Medicare eligible plaintiffs must submit a final demand letter (FDL) from their Medicare provider(s) as a condition of payment. However, the Law Department may, in its discretion, waive this requirement in appropriate cases where it is reasonable to conclude that there has been no Medicare usage. Typically these are cases where no physical or psychological injuries (beyond garden variety emotional distress) resulted from the incident complained of. To request such a waiver, send an email request to the Law Department's Medicare Compliance and Recovery Unit (MCRU) at medicare@law.nyc.gov along with supporting documentation. [Note: Federal law requires the City to report to Medicare all settlements it reaches with Medicare beneficiaries. It is therefore important to request waivers only when it is certain that there has been no Medicare usage since Medicare will seek post-settlement recovery of any conditional payments it associates with the lawsuit.]

## Step 3: Obtain final demand letter(s)

---

[1] The City is compelled by law to resolve outstanding Medicare liens before issuing payment on settlements. See Medicare Secondary Payer Act (MSPA), 42 U.S.C. § 1395y; United States v. Stricker, 2013 U.S. App. LEXIS 15204 (11th Cir. 2013); Bey v. City of New York, 2013 U.S. Dist. LEXIS 15597, at *8-9 (E.D.N.Y. Feb. 5, 2013) (the City's time to pay does not commence until Plaintiff comports with Medicare provisions provided for in the parties' settlement agreement).

In all other cases you must obtain a FDL from plaintiff's Medicare provider(s).  The BCRC is the agency that will issue the FDL.[2]  The City's statutory period to pay does not commence until the date it receives the FDL.  Start the process by reporting the settlement to the BCRC at 1-855-798-2627 (have ready plaintiff's Medicare or social security number; date of birth, list of injuries claimed in lawsuit and date of incident).  A case identifier will be established, and you will then receive a correspondence from the BCRC concerning any conditional payments made by Medicare on your client's behalf for the injuries underlying this case, which you will have an opportunity to dispute at this point.   If you have already reported the case, you should immediately notify the BCRC about this settlement and submit a Final Settlement Detail indicating the settlement amount and attorneys' fees and costs associated with this lawsuit.[3]  The BCRC will issue the FDL shortly after it receives the Final settlement Detail.

The FDL you obtain from the BCRC will cover any conditional payments made by traditional Medicare otherwise known as Medicare Parts A and B.  If plaintiff was insured under a Part C, Medicare Advantage Plan (MAP) at any time relevant to this injury claim, you must contact the MAP provider(s) directly and request a final demand letter concerning any MAP claims being asserted.  The same applies in cases where plaintiff was insured under a Part D prescription plan.  Plaintiff can determine if he/she is or was insured by a MAP or Part D prescription plan by checking enrollment status online at www.mymedicare.gov or by telephone at 1-800-633-4227.

Submit final demand letter(s) to MCRU at medicare@law.nyc.gov.

**Step 4: Determine future medical needs**

With respect to any post-settlement medical care plaintiff may require for the injuries claimed in the lawsuit, you should be aware that, though there is no legal requirement to set aside a portion of settlement funds to pay for such care, Medicare will be deemed a "secondary payer until the "settlement" proceeds are appropriately exhausted." See Medicare Program; Medicare Secondary Payer and "Future Medicals," 77 Fed. Reg. 35917-02, 35918 (June 15, 2012).   This means that Medicare may deny future coverage for the injuries claimed in lawsuit.   Accordingly, plaintiff should evaluate his/her future medical needs with their physicians and consider setting aside funds to pay for future care, if appropriate.  Please notify MCRU in cases where a formal Medicare set-aside is created.

**Questions**

---

[2] More detailed information concerning the foregoing procedures can be found at   http://go.cms.gov/cobro by clicking on the links to the left of the screen entitled 'Non-Group Health Plan Recovery' and 'Reimbursing Medicare'. There is also a portal on this website, the Medicare Secondary Payer Recovery Portal (MSPRP) that allows registered users to access and update certain case-specific information online, including an electronic conditional payments letter. Please visit the website for information as how to register for this service as it will greatly speed up processing in future cases.

[3] Send Final Settlement Detail to: BCRC-NGHP, Post Office Box 138832, Oklahoma City, OK 73113; or fax to (405) 869-3309.

Direct all Medicare questions to MCRU at (212) 356-2698  or by email at medicare@law.nyc.gov

Exhibit C

| DO NOT SUBMIT TO THE IRS - SUBMIT FORM TO THE NEW YORK CITY AGENCY 10/14 REVISION | **THE CITY OF NEW YORK** **SUBSTITUTE FORM W-9:** **REQUEST FOR TAXPAYER IDENTIFICATION NUMBER & CERTIFICATION** | **NYC** **FMS** |

*TYPE OR PRINT INFORMATION NEATLY. PLEASE REFER TO INSTRUCTIONS FOR MORE INFORMATION.*

## Part I: Vendor Information

1. Legal Business Name:  (As it appears on IRS EIN records, IRS Letter CP575, IRS Letter 147C -or- Social Security Administration Records, Social Security Card)

2. If you use DBA, please list below:

3. Entity Type (Check one only):

☐ Church or Church-Controlled Organization    ☐ Personal Service Corporation

☐ Non-Profit Corporation    ☐ Corporation/LLC    ☐ Government    ☐ City of New York Employee    ☐ Individual/Sole Proprietor    ☐ Trust

☐ Joint Venture    ☐ Partnership/LLC    ☐ Single Member LLC (Individual)    ☐ Resident/Non-Resident Alien    ☐ Non-United States Business Entity    ☐ Estate

## Part II: Taxpayer Identification Number & Taxpayer Identification Type

1. Enter your TIN here: *(DO NOT USE DASHES)*

2. Taxpayer Identification Type (check appropriate box):

☐ Employer ID Number (EIN)    ☐ Social Security Number (SSN)    ☐ Individual Taxpayer ID Number (ITIN)    ☐ N/A (Non-United States Business Entity)

## Part III: Vendor Addresses

| | Number, Street, and Apartment or Suite Number | City, State, and Nine Digit Zip Code or Country |
|---|---|---|
| **1. 1099 Address:** | | |
| **2. Account Administrator Address:** | | |
| **3. Billing, Ordering & Payment Address:** | | |

## Part IV: Exemption from Backup Withholding and FATCA Reporting (See Instructions)

Exemption Code for Backup Withholding _____    Exemption Code for FATCA Reporting _____

## Part V: Certification

Under penalties of perjury, I certify that:
1. The number shown on this form is my correct Taxpayer Identification Number, and
2. I am not subject to Backup Withholding because: (a) I am exempt from Backup Withholding, or (b) I have not been notified by the IRS that I am subject to Backup Withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to Backup Withholding, and
3. I am a US citizen or other US person, and
4. The FATCA code(s) entered on this form (if any) indicating that I am exempt from FATCA reporting is correct.

The Internal Revenue Service does not require your consent to any provision of this document other than the certifications required to avoid backup withholding.

Sign Here:

| Signature | Phone Number | Date |
|---|---|---|
| Print Preparer's Name | Phone Number | Contact's E-Mail Address: |

---

*FOR SUBMITTING AGENCY USE ONLY*

Submitting Agency Code: _____    Contact Person: _____

Contact's E-Mail Address: _____    Telephone Number: ( )_____

Payee/Vendor Code: _____

**DO NOT FORWARD W-9 TO COMPTROLLER'S OFFICE.  AGENCIES MUST ATTACH COMPLETED W-9 FORMS TO THEIR FMS DOCUMENTS.**

24

Exhibit D

## GENERAL RELEASE

**KNOW THAT I, [law firm name]**, co-counsel for Plaintiffs in the action *Shauna Noel and Emmanuella Senat v. City of New York,* pending in the United States District Court for the Southern District of New York, Case No. 15-CV-5236 (the "Action"), in consideration for the payment by the City of New York in the amount of one million one hundred dollars ($1,100,000) to Cuti Hecker & Wang LLC, and five million one hundred fifty thousand dollars ($5,150,000) to the Anti-Discrimination Center, Inc. described in the Stipulation and Order dated January __, 2024, and the other terms and conditions thereof, do hereby irrevocably and unconditionally release, acquit, waive and forever discharge Defendant, and each of their past, present, and future officials, executives, officers, employees, departments, subdivisions, agencies, representatives, directors, agents, affiliates, related business entities, predecessors, successors, assigns, designees, divisions, directors, managers, trustees, members, representatives, insurers, reinsurers, and attorneys, in their individual and official capacities, (collectively, the "**Defendant Released Parties**"), from any and all liability, claims, demands, and/or rights of action for attorneys' fees, costs and expenses, including but not limited experts' fees and costs, incurred, excluding any claims to enforce Plaintiffs' rights under the Stipulation and Order. This Release may not be changed orally.

**THE UNDERSIGNED HAS READ THE FOREGOING RELEASE AND FULLY UNDERSTANDS IT.**

**IN WITNESS THEREOF,** I have executed this Release this _____ day of _____, 2024.

_____
**[Insert Name and Title and Firm]**

STATE OF NEW YORK    )
                     :    SS.
COUNTY OF _____  )

On this ____ day of _____, 2024 before me personally came **[INSERT NAME]**, to me known, and known to me to be the individual described herein, or proved to me based upon sufficient documentation, and who executed the foregoing RELEASE.

_____
Notary Public