UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

SHAUNA NOEL and
EMMANUELLA SENAT,

       Plaintiffs,

  -v-                                         No.  15-CV-5236-LTS

CITY OF NEW YORK,

       Defendant.

---------------------------------------------------------x

ORDER

      Plaintiffs have informed the Court that they have executed an agreement assigning their remaining rights in and to the Stipulation and Order (docket entry no. 1002 (the "S&O")) to the Anti-Discrimination Center, Inc. (the "ADC").  (Docket entry no. 1005; see also docket entry no 1005-1 (the "Agreement").)  The Agreement purports to assign to the ADC Plaintiffs' "remaining rights in and to the S&O, including the rights to seek to interpret and enforce the terms of the S&O, and to evaluate and to defend against where necessary any effort by defendant to modify the terms of the S&O" for "the sums of $30,000 each as financial consideration for them" to enter the Agreement.  (Agreement ¶¶ 1, 5.)  Plaintiffs request that the Court "So Order" the Agreement and modify the case caption accordingly.  Defendant takes no position on the request.  The Court, however, requires supplemental briefing on two issues related to the enforceability of the Agreement.

      First, Article III of the Constitution of the United States restricts the jurisdiction of federal courts to actual cases or controversies.  See Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016).  To demonstrate Article III standing, "a plaintiff must show (i) that he suffered an injury

in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely

caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief."

TransUnion LLC v. Ramirez, 594 U.S. 413, 423 (2021).  While "an assignee of a legal claim for

money owed has standing to pursue that claim in federal court," Sprint Commc'ns Co., L.P. v.

APCC Servs., Inc., 554 U.S. 269, 271 (2008) (emphasis added), the Supreme Court has

consistently expressed a "reluctance to exert judicial power when the plaintiff's claim to relief

rests on the legal rights of third parties."  E.g., Warth v. Seldin, 422 U.S. 490, 501 (1975).

Plaintiffs have not proffered evidence or argument as to whether ADC has standing to enforce

the terms of the S&O.

    Second, under the New York Rules of Professional Conduct, "[a] lawyer shall not

enter into a business transaction with a client if they have differing interests therein and if the

client expects the lawyer to exercise professional judgment therein for the protection of the

client, unless" three conditions are satisfied.  NYRCPA § 1.8(a).  First, "the transaction [must be]

fair and reasonable to the client and the terms of the transaction are fully disclosed and

transmitted in writing in a manner that can be reasonably understood by the client;" second, "the

client [must be] advised in writing of the desirability of seeking, and is given a reasonable

opportunity to seek, the advice of independent legal counsel on the transaction;" and third, "the

client [must give] informed consent, in a writing signed by the client, to the essential terms of the

transaction and the lawyer's role in the transaction, including whether the lawyer is representing

the client in the transaction."  Id.  Likewise, Section 1.8(i), provides that "[a] lawyer shall not

acquire a proprietary interest in the cause of action or subject matter of litigation the lawyer is

conducting for the client."  Id. § 1.8(i).  It is not clear, from the face of the Agreement, whether

the arrangement contemplated by the Agreement is consistent with these ethical obligations.

The Court directs Plaintiffs to submit supplemental briefing, no later than **30 days** from entry of this Order, concerning (1) whether ADC would have standing to pursue Plaintiffs' "rights to seek to interpret and enforce the terms of the S&O, and to evaluate and to defend against where necessary any effort by defendant to modify the terms of the S&O[,]" and (2) whether the proposed transaction complies with Sections 1.8(a) and 1.8(i) of the New York Rules of Professional Conduct.   Should Defendant wish to respond, its submission shall be filed no later than **14 days** after Plaintiffs' supplemental filing on the foregoing issues.

SO ORDERED.

Dated: October 9, 2024
        New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge