UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

SHAUNA NOEL and
EMMANUELLA SENAT,

       Plaintiffs,

  -v-                                          No. 15-CV-5236-LTS

CITY OF NEW YORK,

       Defendant.

-------------------------------------------------------x

## Order

      Plaintiffs have informed the Court that they have executed an agreement assigning their remaining rights in and to the Stipulation and Order resolving this case (docket entry no. 1002 (the "S&O")) to the Anti-Discrimination Center, Inc. ("ADC"). (Docket entry no. 1005; see also docket entry no. 1005-1 (the "Agreement").) The Agreement purports to assign to the ADC, Plaintiffs' "remaining rights in and to the S&O, including the rights to seek to interpret and enforce the terms of the S&O, and to evaluate and to defend against where necessary any effort by defendant to modify the terms of the S&O," for "the sums of $30,000 each as financial consideration for them" to enter into the Agreement. (Agreement ¶¶ 1, 5.) Plaintiffs request that the Court "So Order" the Agreement and modify the case caption accordingly.[1] Defendant takes no position on the request. (Docket entry no. 1016.) For the

---

[1] The Court directed Plaintiffs to submit supplemental briefing concerning (1) whether ADC would have standing to pursue Plaintiffs' "rights to seek to interpret and enforce the terms of the S&O, and to evaluate and to defend against where necessary any effort by defendant to modify the terms of the S&O[,]" and (2) whether the proposed transaction complies with NYRCPA 1.8(a) and 1.8(i). (Docket entry no. 1006.)

following reasons, the Court denies Plaintiffs' request, having concluded that the Agreement violates New York Rule of Professional Conduct ("NYRPCA") 1.8(i).

> Rule 1.8(i) provides that:
>
> A lawyer shall not acquire a proprietary interest in the cause of action or subject matter of litigation the lawyer is conducting for a client, except that the lawyer may:
>
> > (1) acquire a lien authorized by law to secure the lawyer's fee or expenses; and
> > (2) contract with a client for a reasonable contingent fee in a civil matter subject to Rule 1.5(d) or other law or court rule.

Rule 1.8(i) specifies only two exceptions to its broad prohibition on lawyers' acquisition of proprietary interests in litigation, neither of which is implicated by the Agreement's purported assignment of Plaintiffs' rights in the S&O to ADC. It is well established that, when certain exceptions to a general prohibition are explicitly enumerated, additional exceptions are not to be implied. Cf. Singleton v. Clash, 951 F. Supp. 2d 578, 586 (S.D.N.Y. 2013) (applying this principle to statutory interpretation), aff'd sub nom. S.M. v. Clash, 558 F. App'x 44 (2d Cir. 2014).

Plaintiffs nonetheless insist that the rule "is clearly intended to apply to ongoing representation, rather than to a circumstance where the representation is _ending_ because of an assignment from the clients to a not-for-profit (ADC)." (Docket entry no. 1013 ("Pl. Mem.") at 14 (emphasis in original).)[2] In support of this argument, Plaintiffs cite comments by the New York State Bar Association that emphasize how Rule 1.8(i) was (1) designed "to avoid giving the

---

[2] Plaintiffs do not, and cannot, argue that ADC would not acquire a pecuniary interest in Plaintiffs' cause of action through the Agreement. The S&O provides that, if "any plaintiff succeeds in a motion to enforce any obligation of Defendant due to such Defendant's breach of this S&O, . . . Defendant shall reimburse such plaintiff for all costs and attorneys' fees reasonably incurred in connection with such motion." (S&O ¶ 19.)

lawyer too great an interest in the representation" and (2) motivated by a concern that, when the lawyer acquires an ownership interest in the subject of the representation, "it will be more difficult for a client to discharge the lawyer if the client so desires."  (Id. at 13 (quoting N.Y. Rules of Pro. Conduct cmt. 16 (N.Y. Bar Ass'n 2022).)  These comments provide no support for Plaintiffs' argument that Rule 1.8(i) only applies to "ongoing" representation.  While it is true that "the issue of difficulty of discharging the lawyer is inapposite here" (id. at 14), that is only because there will be no separate client who could independently decide to discharge the lawyer.  And Plaintiffs do not explain why "[t]he lawyer here will not have 'too great an interest'" due to the assignment contemplated by the Agreement.  (Id.)  Indeed, through the Agreement, ADC seeks to <u>become</u> the plaintiff in the above-captioned case; as the plaintiff, its interest in the case could hardly be greater.  Plaintiffs therefore fail to persuade the Court that Rule 1.8(i) is inapplicable here.

        Contrary to Plaintiffs' position, courts have consistently found violations of Rule 1.8(i) where "the attorney's pecuniary interest was coterminous with the subject matter of the suit[.]"  Eur. Cmty. v. RJR Nabisco, Inc., 134 F. Supp. 2d 297, 308 n.9 (E.D.N.Y. 2001) (citing Peggy Walz, Inc. v. Liz Wain, Inc., No. 94-CV-1579-CSH, 1996 WL 88556, at *1 (S.D.N.Y. Mar. 1, 1996)).  That conclusion applies with equal force here, where Plaintiffs' attorneys seek to acquire Plaintiffs' rights to enforce the S&O.  Because the Agreement violates Rule 1.8(i), Plaintiffs' request is denied.  This Order resolves docket entry no. 1005.

    SO ORDERED.

Dated: October 15, 2025
      New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                      Chief United States District Judge