15-cv-5236 (LTS)

MANDATE

25-2858-cv
*Noel v. City of New York*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of June, two thousand twenty-six.

PRESENT: SARAH A. L. MERRIAM,
MARIA ARAÚJO KAHN,
*Circuit Judges*,
ARUN SUBRAMANIAN,
*District Judge*.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: Jul 10, 2026

SHAUNA NOEL, EMMANUELLA SENAT,

*Plaintiffs-Appellants*,

JARNELL WINFIELD, TRACEY STEWART,

*Plaintiffs,*

v. 25-2858-cv

CITY OF NEW YORK,

* Judge Arun Subramanian of the United States District Court for the Southern District of New York, sitting by designation.

MANDATE ISSUED ON 07/10/2026

*Defendant-Appellee*.

---

FOR PLAINTIFFS-APPELLANTS: CRAIG GURIAN, Anti-Discrimination Center, New York, NY.

FOR DEFENDANT-APPELLEE: MacKenzie Fillow, Assistant Corporation Counsel, for Steven Banks, Corporation Counsel of the City of New York, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Swain, *C.J.*).

**UPON DUE CONSIDERATION,** the October 15, 2025, order of the District Court is **AFFIRMED**.

Plaintiffs-appellants Shauna Noel and Emmanuella Senat appeal from the District Court's order denying their request to assign their rights under a settlement agreement to their attorneys, the Anti-Discrimination Center ("ADC"), pursuant to an agreement. Plaintiffs contend that the District Court erred in denying their request on the basis that the assignment agreement violates Rule 1.8(i) of the New York Rules of Professional Conduct ("NYRPC").[1]

We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

---

[1] Plaintiffs refer to the applicable Rules as the "New York Rules of Professional Responsibility." The Rules are properly referred to as the "New York Rules of Professional Conduct."

## BACKGROUND

Plaintiffs brought this action against the City of New York (the "City") challenging its "Community Preference Policy" in the allocation of units in affordable housing lotteries. App'x at 130. Plaintiffs and the City entered into a Stipulation and Order of Settlement and Dismissal ("S&O") resolving the action. *See* App'x at 130–46. As part of the settlement, the City paid plaintiffs one hundred thousand dollars each, in satisfaction of "all claims for damages that were raised or that could have been raised in this action," and agreed to take certain actions relating to its housing policy. App'x at 137; *see id*. at 131–36. Under the S&O, the District Court retains "jurisdiction over this action to enforce its terms as necessary, including the remedying of violations, through and including April 30, 2036." App'x at 135.

About nine months after the S&O was approved, plaintiffs requested that the District Court approve an agreement ("the Agreement") under which plaintiffs would "assign to ADC all of their remaining rights in and to the S&O, including the rights to seek to interpret and enforce the terms of the S&O, and to evaluate and to defend against where necessary any effort by defendant to modify the terms of the S&O." App'x at 151 ¶1. The Agreement provides that ADC will "pay to Ms. Noel and Ms. Senat the sums of $30,000 each as financial consideration for them to enter into this [Agreement], such payments to be made within 30 days of the Cout's So Ordering of this [Agreement]." App'x at 152 ¶5.

The District Court denied plaintiffs' request to approve the Agreement. Specifically, the District Court concluded that the Agreement violates NYRPC 1.8(i)'s prohibition on lawyers acquiring a "proprietary interest in the cause of action or subject matter of litigation the lawyer is conducting for a client." *Noel v. City of New York*, No. 1:15CV05236(LTS), 2025 WL 2928965, at *1 (S.D.N.Y. Oct. 15, 2025) (citation modified). Plaintiffs appeal.

**DISCUSSION**

This Court reviews questions of law, including interpretations of rules, *de novo*. *See Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 100 (2d Cir. 2006) (per curiam); *cf. In re Demetriades*, 58 F.4th 37, 45 (2d Cir. 2023).

Rule 1.8(i) of the New York Rules of Professional Conduct provides, in relevant part: "A lawyer shall not acquire a proprietary interest in the cause of action or subject matter of litigation the lawyer is conducting for a client. . . ." NYRPC 1.8(i). Plaintiffs argue that the Agreement does not violate Rule 1.8(i) because "[t]he Rule does not purport to bar acquiring a proprietary interest in the subject matter of litigation the lawyer *had been* conducting for a *former* client." Appellants' Br. at 26 (citation modified). We conclude that the Agreement violates Rule 1.8(i).

Plaintiffs do not deny that ADC would acquire a proprietary interest in the litigation through the Agreement. *See, e.g.*, *id*. at 5 (noting that plaintiffs' proprietary interest would be "transferred" to ADC). Instead, they argue that ADC would only obtain that proprietary interest *after* ADC's representation of plaintiffs has ended, and as such, ADC would be acquiring "a proprietary interest, but not one in the subject matter of

litigation the lawyer *is* conducting *for a client.*" *Id*. at 26 (citation modified). But this approach ignores the fact that until the Agreement is consummated, ADC continues to represent plaintiffs in connection with the underlying litigation and the S&O. Simultaneous execution of the Agreement, payment of financial consideration to plaintiffs by ADC, and assumption of plaintiffs' proprietary interest by ADC, does not make the Agreement proper under the relevant Rule. It still requires ADC to acquire an interest in the litigation while conducting it on behalf of its clients.

Upon *de novo* review, we conclude that the execution of the Agreement conveys a proprietary interest in ADC's clients' cause of action to ADC. The Agreement therefore violates Rule 1.8(i).[2]

**CONCLUSION**

We have considered plaintiffs' remaining arguments and find them to be without merit. For the foregoing reasons, the order of the District Court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

[2] The issue of whether ADC would have standing to pursue any remedies under the S&O, if it succeeded to plaintiffs' interests, was raised by the District Court. That concern was understandable. It is not clear on the current record whether ADC would have representational or organizational standing to pursue such remedies. *See New York C.L. Union v. New York City Transit Auth.*, 684 F.3d 286, 294 (2d Cir. 2012). But the District Court rested its decision only on Rule 1.8(i), and did not address the standing question. The question of ADC's standing to enforce the terms of the S&O would only arise if ADC were to be substituted for plaintiffs under the Agreement, and if ADC were then to pursue some remedy under the S&O. Because those events have not occurred, the question of ADC's standing is not ripe, and we need not address it.